# JOHN JOHNSON v. D. E. WHITNEY, ADMINISTRATOR OF ESTATE OF ADRIEN P. REYMOND.[1]

May 26, 1944.

No. 33,753.

[1]Reported in 14 N. W. (2d) 765.

W. W. *Bane*, for appellant.

*Swanson, Swanson & Swanson*, for respondent.

THOMAS GALLAGHER, JUSTICE.

Action for damages for personal injuries sustained by plaintiff in a fall from a ladder alleged to have been caused by the negligence of Adrien P. Reymond, now deceased. The accident happened June 1, 1941. On December 25, 1941, Reymond died intestate and without heirs. Subsequent to his death, plaintiff brought this action against defendant as administrator of his estate, said action surviving by virtue of Minn. St. 1941, § 573.01 (Mason St. 1941 Supp. § 9656). The jury returned a verdict for plaintiff for $2,500, and defendant appealed from an order denying his alternative motion for judgment or a new trial.

The order denying defendant's motion for judgment notwithstanding the verdict cannot be considered on this appeal, since no motion for a directed verdict was made at the close of the evidence. Minn. St. 1941, § 605.06 (Mason St. 1927, § 9495); Romann v. Bender, 190 Minn. 419, 252 N. W. 80; Reiter v. Porter, 216 Minn. 479, 483, 13 N. W. (2d) 372, 375.

The facts are as follows: On June 1, 1941, plaintiff, his wife, and decedent were occupying a cabin at Gull Lake in Crow Wing county. Decedent did not own the cabin but was permitted the use thereof by the owner. Plaintiff, 73 years of age, and decedent, 87 at the time of the accident, had used the cabin at intervals during the summer for some 15 years prior thereto.

On the date of the accident a defective roof permitted rain to come into the kitchen and other portions of the cabin. Decedent suggested that plaintiff use an old ladder on the premises to get on the roof and ascertain what repairs were required to stop the water. The ladder, which was about 16 feet long, was placed against the cabin, and plaintiff started to climb it to examine the roof. When he reached the level of the roof he noticed that de-

cedent, who weighed approximately 200 pounds, was coming up the ladder after him. He warned decedent not to come up, but before the latter could get down the ladder broke in two, causing plaintiff to be thrown to the ground and to sustain serious injuries.

The court charged that plaintiff was free from contributory negligence as a matter of law, and submitted to the jury the issue of decedent's negligence as the proximate cause of the accident.

On appeal, defendant asserts that the trial court erred (1) in overruling his demurrer; (2) in denying his motion for a dismissal at the close of the case; (3) in admitting testimony of plaintiff's wife relative to conversations with decedent concerning the accident; and (4) in instructing the jury that plaintiff was free from contributory negligence as a matter of law.

The complaint sets forth allegations sufficient to make out a cause of action against defendant. In substance, it alleges that decedent negligently and carelessly started to climb the ladder behind plaintiff, thereby placing too great a strain and weight thereon, so that it broke and caused plaintiff to fall about 18 feet to the ground; and that, as a direct and proximate cause of such negligence, plaintiff suffered the injuries set forth therein. The customary additional allegations for the recovery of damages in negligence actions are also set forth. While neither the demurrer nor the order overruling it are part of the record here, under general rules governing pleadings in negligence actions, the complaint appears adequate, and the demurrer thereto was properly overruled. See 4 Dunnell, Dig. & Supp. § 7058.

Likewise, the evidence submitted by plaintiff reasonably sustains the allegations of the complaint, and if the jury believed it, then a cause of action in negligence was established, and the court properly denied defendant's motion for a dismissal at the close of plaintiff's evidence. As stated in 4 Dunnell, Dig. & Supp. § 7047:

"Proof of negligence is made out by a fair preponderance of the evidence. Certainty is not required. It is sufficient if the evidence affords a reasonable basis for a finding that the act complained of was the proximate and operating cause of the injury. * * * It is

sufficient if the evidence, on the whole, agrees with and supports the hypothesis which it is adduced to prove, and it is the duty of the jury to decide according to the reasonable probability of the truth."

In the course of the trial plaintiff's wife, over the objections of defendant, was permitted to state certain conversations between her and decedent. Defendant asserts that such testimony should have been barred under Minn. St. 1941, § 595.04 (Mason St. 1927, § 9817), which provides:

"It shall not be competent for any party to an action, or any person interested in the event thereof, to give evidence therein of or concerning any conversation with, or admission of, a deceased or insane party or person relative to any matter at issue between the parties, * * *."

In substance, the testimony indicated that decedent had told plaintiff in the presence of the witness that plaintiff should have the roof fixed, and asked him if he would go up and see what repairs were needed; and, further, that immediately after the accident the witness had told plaintiff that "he was a fool * * * that he should not have stepped on the ladder."

Substantially the same testimony was given by plaintiff without objection on the part of defendant. Defendant contends, however, that plaintiff's wife had such an interest in the outcome of her husband's action as to bar the foregoing evidence under the statutory restriction above referred to. In support of this contention, he relies upon the recent decision of Cocker v. Cocker, 215 Minn. 565, 10 N. W. (2d) 734. That case involved title to real estate. The witness whose testimony was barred had been joined with her husband as a party defendant therein. She had permitted the action to go against her by default, and contended that, since she was therefore not a party to the litigation, her testimony as to conversations with decedent became admissible. Her husband, however, contested the action. Had he prevailed, her inchoate interest in the real estate would have been revived. We upheld the

trial court's refusal to permit such testimony, on the ground that the wife's interest in the issue as aforesaid was such as to bring her within the provisions of the statute. As stated therein (215 Minn. 571, 10 N. W. [2d] 737):

"Regardless of whether Edna Cocker is still a party, we think she had an interest in the event of the issue to which her husband was a party. Should he prevail, she would immediately have an inchoate interest in the property described in the deed."

In the instant case, the witness was not a party to the action. The issues therein did not relate to real estate in which she had or would have an inchoate interest in the event her husband prevailed. Under such circumstances, since she was neither a party to the action nor immediately interested in the outcome thereof, as contemplated by the statute, her testimony was not barred by virtue thereof. The language of Cocker v. Cocker, *supra,* is plain, and it is evident therefrom that we did not intend to go beyond the limitations therein referred to in restricting conversations with decedents. See Perine v. Grand Lodge, 48 Minn. 82, 50 N. W. 1022; Madson v. Madson, 69 Minn. 37, 71 N. W. 824; Kells v. Webster, 71 Minn. 276, 73 N. W. 962; Noesen v. M. St. P. & S. S. M. Ry. Co. 204 Minn. 233, 283 N. W. 246.

■ The record fails to disclose any evidence of contributory negligence on the part of plaintiff. The ladder, to all outward appearances, was sound. Plaintiff had used it before. He weighed but 145 pounds, and it is fair to assume that, while it would have sustained his weight, it was not strong enough to withstand the additional strain of decedent's weight. We are of the opinion that the trial court was correct in charging the jury that plaintiff was free from contributory negligence as a matter of law.

Affirmed.