GEORGE B. LEITNER, *d. b. a.* LEITNER FUEL COMPANY, v.
PACIFIC GAMBLE ROBINSON COMPANY AND ANOTHER.[1]

February 21, 1947.

No. 34,304.

*Benjamin G. Beese,* for appellants.

*Francis X. Buchmeier, Edward A. Knapp,* and *Laurence M. Nelson,* for respondent.

JULIUS J. OLSON, JUSTICE.

Two trucks, one owned by plaintiff and the other by the corporate defendant, collided at the intersection of Fairview and St. Clair avenues in St. Paul shortly after two o'clock in the afternoon of September 13, 1945. Plaintiff's truck, a 1944 International, loaded with three and one-half tons of coal, was traveling south on Fairview avenue, "an arterial, stop or thru street," protected by the customary stop signs at its intersection with other streets. In this case, the sign was located at the northeast corner of St. Clair and Fairview. Defendant's truck, a 1942 Ford, was operated by defendant Claude Sheffield and was traveling west on St. Clair. Fairview runs in a general north and south direction, and St. Clair, which crosses it at right angles, has streetcar tracks on it. Each driver saw the other approaching the intersection at an approximate distance of 150 feet therefrom. The terrain is open, and there were no obstructions or traffic to interfere with the opportunity of each driver to observe what was obviously in plain sight. As stated, plaintiff was traveling on Fairview, the arterial, nonstop highway. The route of defendant's driver was over a highway requiring a full stop before entering the intersection. In addition, plaintiff's truck was approaching from Sheffield's right. Both trucks reached the intersection at about the same time. Plaintiff's driver did not stop, because he was on an arterial highway and because he "assumed all the time he [defendant's driver] was going to stop, which he didn't, and he entered into

the intersection, and I didn't have a chance to stop" in time to avoid the resulting collision.

Plaintiff alleges that the collision was caused by defendants' negligent manner of entering the intersection. The corporate defendant denied negligence and counterclaimed for the amount of damages it had suffered because of the partial wrecking of its truck. The individual defendant denied negligence and pleaded plaintiff's contributory negligence. These issues were met by appropriate replies. A jury trial resulted in a verdict for plaintiff. Before submitting the cause for the jury's decision, counsel agreed that if plaintiff was entitled to a verdict his damages were $692.35; that if the corporate defendant was entitled to a verdict on its counterclaim its damages were $365.40. On this phase the court instructed the jury:

"* * * In other words, in this particular case the question of the amount of damages has been settled by counsel, leaving only the question of liability for this collision for the determination of this jury."

There is no claim of error in respect to rulings on the trial. The only question here is whether, as claimed by defendants, the trial court erred in denying their motion for a new trial. Both defendants moved for judgment notwithstanding, but at the trial failed to make a motion for a directed verdict, so, obviously, the only question before us is what we have stated it to be. 3 Dunnell, Dig. & Supp. § 5079, and cases under note 92; Minn. St. 1945, § 605.06[2]; Raspler v. Seng, 215 Minn. 596, 11 N. W. (2d) 440; Johnson v. Whitney, 217 Minn. 468, 14 N. W. (2d) 765; Wilcox v. Schloner, 222 Minn. 45, 23 N. W. (2d) 19.

The jury was instructed that both claims were based upon the respective contentions of the parties "that the damages that they sustained were caused by the negligence of the other's driver"; that before each claimant could recover against his adversary it was necessary for him to prove "that this collision and the resulting damages * * * were due to and directly caused by the negligence"

---

[2]See, M. S. A. § 605.06, and cf. Mason St. 1927, § 9495.

of the other party's driver in the operation of the truck so driven by him; that as to each party claimant the verdict should be for the agreed amount "unless you further find from the evidence" that the other party's "driver was also negligent and that his negligence was a direct and contributing cause to this collision, in which event your verdict would be for the defendant without damages." In short, that "If the collision was caused solely by the negligence of Mr. Sheffield, your verdict will be for the plaintiff, * * *. If caused solely by the plaintiff, * * * your verdict will be for the defendant, * * *. If caused by the negligence of both parties, you will leave the parties where you found them, by returning a verdict for the defendants without damages."

In their brief, "Defendants contend that they were not negligent and that they did not in any manner contribute to cause the collision, but that the same was caused solely by the plaintiff's negligence." They further say, under "Questions Involved," (1) "That the verdict was contrary to the evidence and given under bias"; and (2) "That plaintiff failed to prove any actionable negligence against the defendants."

■ In our résumé of the facts, we have recited these in the light most favorable to the verdict, a duty clearly resting upon us under numerous decisions. Bearing in mind that the only eyewitnesses to this accident were the drivers of the respective trucks and that their testimony is in conflict on several fact issues, we conclude that the verdict has settled such issues.

■ In Nees v. Minneapolis St. Ry. Co. 218 Minn. 532, 535, 16 N. W. (2d) 758, 761, we held that fact questions on the subject of negligence, contributory negligence, and causation are for the determination of the jury, and that "It is only where different minds can reasonably arrive at but one result that these or any fact issues become questions of law justifying a trial court in directing a jury how they must be answered."

■ We have applied that rule to the facts disclosed by the present record and are of the view that in the light of our prior decisions, such as Kidd v. McCue, 193 Minn. 617, 259 N. W. 546, fact questions

only were presented, and that the verdict finds adequate support. There, as here,—

"* * * The case is the usual one of conflicting claims of the parties where there has been a collision between automobiles at a street intersection. This court has said several times that, as a general rule the question of negligence of either party in such cases is a question of fact for the jury. We are satisfied that it was a question of fact in this case, and, the jury having passed upon it and the court having approved the jury's verdict, the order denying the motion for a new trial will not here be disturbed. Nothing could be gained by a lengthy discussion of the authorities or by attempting to set out all the facts and circumstances shown by the evidence in the case."

Among many other cases involving accidents at intersections of streets and highways, the following are deemed helpful: Bell v. Pickett, 178 Minn. 540, 227 N. W. 854; Jacobsen v. Ahasay, 188 Minn. 179, 246 N. W. 670; Jeddeloh v. Hockenhull, 219 Minn. 541, 18 N. W. (2d) 582. Since the verdict is sustained by the evidence, the order here for review must be and is affirmed.

Affirmed.