JOHN ANDRE AUDETTE v. A. E. LINDAHL, INDIVIDUALLY AND *d. b. a.* LINDAHL GRAVEL & CONSTRUCTION COMPANY, AND ANOTHER.[1]

May 19, 1950.

No. 35,071.

[1]Reported in 42 N. W. (2d) 717.

240

*Johnson, Sands & Brumfield,* for appellant.
*Meagher, Geer & Markham,* for respondents.

MATSON, JUSTICE.

Appeal in a personal injury action from an order denying plaintiff's motion for a new trial.

Plaintiff, a boy five years of age, was injured when struck by a gravel truck driven by defendant Stephen Harmon and owned by defendant A. E. Lindahl. The accident occurred in Minneapolis on September 10, 1947, between 9 and 10 a. m., on Forty-fourth avenue north in the block just east of the Webber Parkway intersection. On each side of the street is a park area devoted to trees and grass. A playground, equipped with swings, teeter-totters, and similar items, as part of the park area, is located between one and two blocks to the southeast facing along Webber Parkway. On the morning in question, the street surface in the block above mentioned was being oiled and sanded. Plaintiff, accompanied by two playmates, was watching the street repair operations while standing on the north sidewalk or boulevard near the middle of the block. First the street was covered with a coating of road oil. Then sand was applied by a sand truck which first traveled backward down

the center of the street with two men unloading and spreading the sand. At the end of the block, the truck reversed its direction by driving forward over the sanded area again to cover any bare spots that were missed the first time. When the accident occurred, the truck was on the return trip proceeding west toward the Webber Parkway intersection at six to eight miles an hour. Simultaneously, a ten-ton municipal street roller, passing over the sand already spread, was going east at about three and one-half miles an hour. On the same side of the street as the roller, and following it about 100 feet to the rear, defendant's truck, with a seven-ton load, was traveling at a rate of 12 to 15 miles per hour. No other vehicles were present. Shortly after defendant's truck had passed the municipal sanding truck, defendant *for the first time* saw plaintiff running diagonally in a southeasterly direction en route from the north to the south side of Forty-fourth avenue at a point about 30 feet ahead and immediately to the north of the street center line. Defendant driver swerved to the north or left in an attempt to avoid hitting the boy, but was unsuccessful. The jury found for defendants, and plaintiff appeals from an order denying his motion for a new trial.

The only issues which we need consider are (1) whether defendants were negligent as a matter of law; (2) whether a five-year-old child is incapable of contributory negligence as a matter of law; and (3) whether the court's instructions were inadequate on the degree of care required of motor vehicle operators when passing through an area where small children are likely to be present.

■ We find no error in the submission of the issue of negligence to the jury. The evidence was in definite conflict as to whether defendant Harmon's view of plaintiff and his movements was obstructed by the municipal sanding truck, and whether as a result, without fault on his part, he was confronted with an emergency by the sudden appearance of the boy on the street only 30 feet away. In this, as well as in certain other respects, the evidence was in such conflict as to justify reasonable men in drawing different conclusions. It is only where reasonable men, in the light of the evi-

dence as a whole, can arrive at but one conclusion that the issue of negligence—or any other issue of fact—becomes a question of law justifying the trial court in directing the jury how the issue must be determined. Nees v. Minneapolis St. Ry. Co. 218 Minn. 532, 16 N. W. (2d) 758; Leitner v. Pacific Gamble Robinson Co. 223 Minn. 260, 26 N. W. (2d) 228.

■ There is no merit in the contention that a child five years old is incapable of contributory negligence as a matter of law. The contributory negligence of plaintiff as a five-year-old child was properly submitted to the jury, *subject to the instruction* that a child of that age is not required to exercise the same degree of care as an adult person, but *only that degree of care which would ordinarily be exercised by a child of that age, experience,* and *intelligence,* under the same or similar circumstances. The rule is so well established in this jurisdiction that no purpose will be served by a discussion of its supporting principles and authorities. See, Eckhardt v. Hanson, 196 Minn. 270, 264 N. W. 776, 107 A. L. R. 1; Carlson v. Sanitary Farm Dairies, Inc. 200 Minn. 177, 273 N. W. 665; Thomsen v. Reibel, 212 Minn. 83, 2 N. W. (2d) 567; Squillace v. Village of Mountain Iron, 223 Minn. 8, 26 N. W. (2d) 197. Of course, the facts of a particular case, unlike those here, may preclude the submission of an issue of contributory negligence. Thomsen v. Reibel, *supra*.

■ The court instructed the jury that the driver of a motor vehicle must exercise reasonable care upon observing a child upon a roadway, and what is proper precaution depends upon all the circumstances surrounding the situation at that time as shown by the evidence. The instruction was fundamentally correct, but it should have been amplified to indicate the high degree of vigilance that is required of motorists when they are approaching or passing through an area where young children are known or are likely to be present. The jury should have been instructed in substance that where children are known *or may reasonably be expected to be* in the vicinity a degree of vigilance commensurate with the greater hazard created by their presence *or probable presence* is required

of a driver to measure up to the standard of what the law regards as ordinary care. Carlson v. Sanitary Farm Dairies, Inc. 200 Minn. 177, 273 N. W. 665; McCarthy v. City of St. Paul, 201 Minn. 276, 276 N. W. 1; Forseth v. Duluth-Superior Transit Co. 202 Minn. 447, 278 N. W. 904. It was prejudicial error not to give such instruction under the circumstances. Defendant Harmon, who was driving a truck which could not be stopped quickly because of its seven-ton load, was passing through a park area over a comparatively narrow street (30 feet wide) which had just been sprinkled with road oil and which, in the course of a single block, was crowded with the operations of a municipal sanding truck and a ten-ton roller. Road repair machinery and operations of this kind are attractive to young children, and their presence is reasonably to be anticipated. McCarthy v. City of St. Paul, 201 Minn. 276, 276 N. W. 1, *supra.* Although the accident occurred during school hours, the situation was not thereby changed with respect to children below school age. In recognition of the probability that small children will be on hand to witness street repair machinery in operation and that the movements of small children are wholly unpredictable, motorists must anticipate the increased hazard by exercising a correspondingly high degree of care.

A new trial must be granted. The order of the trial court is reversed.

Reversed.

MR. JUSTICE THEODORE CHRISTIANSON, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.