## COCA COLA BOTTLING CO. OF BLACK HILLS et al. v. HUBBARD.

### No. 14665.

United States Court of Appeals
Eighth Circuit.

April 27, 1953.

Charles H. Whiting, Rapid City, S. D. (Kelton S. Lynn, Rapid City, S. D., on the brief), for appellants.

H. F. Fellows, Rapid City, S. D. (Burnell Hendricksen and Leonard Morrison, Rapid City, S. D., on the brief), for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

Angelo Hotchkins, a truck driver employed by The Coca Cola Bottling Company of the Black Hills, on June 30, 1951, had the misfortune to run one of the rear wheels of the Company's motor truck over Kermit Lee O'Dell, a two-year old child. The accident occurred in Piedmont, South Dakota, a small town of about 100 population. The child died, and this action was brought by the Administrator of his estate to recover damages for his alleged wrongful death.

The action was based upon the claim that the truck driver was negligent and that his negligence was the proximate cause of the death. Jurisdiction was based on diversity of citizenship. The defendants (appellants) denied liability.

The case was tried to a jury. The defendants moved for a directed verdict at the close of the evidence upon the ground that it was insufficient to sustain a verdict for the plaintiff. Their motion was denied. The jury returned a verdict against the defendants, and from the ensuing judgment they appealed. They assert that the court erred in denying their motion for a directed verdict in their favor.

In considering the question of the sufficiency of the evidence to support the verdict, there are several general rules to be kept in mind. (1) All of the facts which the plaintiff's evidence reasonably tends to prove must be assumed to have been established, and all inferences fairly deducible from such facts must be drawn in his favor. Gunning v. Cooley, 281 U.S. 90, 94, 50 S. Ct. 231, 74 L.Ed. 720; Egan Chevrolet Co. v. Bruner, 8 Cir., 102 F.2d 373, 377, 122 A.L.R. 987; and cases cited. (2) It is only where the evidence is all on one side or so overwhelmingly on one side as to leave no doubt what the fact is that the court should direct a verdict. People's Savings Bank v. Bates, 120 U.S. 556, 562, 7 S.Ct. 679, 30 L. Ed. 754; Gunning v. Cooley, supra, at page 94 of 281 U.S., at page 233 of 50 S.Ct.; Egan Chevrolet Co. v. Bruner, supra, at page 377 of 102 F.2d. (3) The question of negligence is usually one of fact for the jury, and it is only where the evidence, even though it be uncontradicted, is such that all reasonable men must draw the same conclusion from it that the question of negligence becomes one of law for the court. Sears, Roebuck & Co. v. Peterson, 8 Cir., 76 F.2d 243, 248 and cases cited; Egan Chevrolet Co. v. Bruner, supra, at page 377 of 102 F.2d; Northern Liquid Gas Co. v. Hildreth, 8 Cir., 180 F.2d 330, 334–335. (4) Where inconsistent inferences reasonably may be drawn from the evidence, it is for the jury to determine which of the inferences shall be drawn. Turner County, S. D. v. Miller, 8 Cir., 170 F.2d

820, 827. (5) When the sufficiency of the evidence to make a case for the jury presents a doubtful question of local law, this Court will accept the views of the trial court unless convinced of error. Russell v. Turner, 8 Cir., 148 F.2d 562, 564; Turner County, S. D. v. Miller, supra, at page 826 of 170 F.2d; Northern Liquid Gas Co. v. Hildreth, supra, at page 336 of 180 F.2d; Buder v. Becker, 8 Cir., 185 F.2d 311, 315. (6) The burden of demonstrating error is upon the appellant. Turner County, S. D. v. Miller, supra, at page 828 of 170 F.2d.

Virtually the only evidence relevant to the issue of liability was that of the truck driver, Hotchkins, who was called as an adverse witness by the plaintiff and who also testified on behalf of the defense. Briefly stated, the facts, viewed in the aspect most favorable to the plaintiff, are as follows:

Hotchkins had been working for four months as the driver of a motor truck of The Coca Cola Bottling Company of the Black Hills, delivering Coca Cola to its customers throughout the Hills and picking up the empty bottles. His territory included Piedmont. The truck was a ton and a half truck. During the period of his employment by the Bottling Company preceding June 30, 1951, he had been in Piedmont for the Company about once a week. There he delivered Coca Cola to the Waterland Grocery Store.

On June 30, 1951, at about 2:30 p. m., Hotchkins parked his truck directly in front of the Waterland Grocery, heading it in an easterly direction. The store was on the northerly side of the street, to his left as his truck faced easterly. He went into the store to make a delivery and to pick up empty bottles. He was in the store five or ten minutes. As he went in he saw three to six children playing in front of the store. "Some of them were little youngsters, two, four and six years." When he came out, he saw the children still playing there. On previous trips there had been children playing in front of the store when the weather permitted. They were around there most of the time.

Hotchkins came out of the store, loaded the empties in the truck, walked up along the left side of the truck, adjacent to the sidewalk, opened the door of the truck and got in. He then started to drive down the road, turning the front wheels of the truck slightly to the right to get over onto the right side of the road. He had driven about 15 feet when he struck the child. He had not seen the child in front of the truck, although he had looked there before he started. He felt a bump, looked back and saw the child lying 8 or 10 feet out in the road. He had gone 30 or 40 feet down the road before he realized that the child had been run over. He then stopped the truck and went back to the child. There was evidence that the child shortly before had left his mother, who was living in a house nearby and who was packing up household goods preparatory to moving. She and her husband, a staff sergeant in the Air Force, stationed at the Rapid City Air Base, had two other children, six and four years old. Their children and other children living in the immediate vicinity played on the sidewalk in front of the store practically all the time.

The plaintiff asserts that, since no exceptions were taken to the instructions of the court, they became the law of the case for determining the sufficiency of the evidence to support the verdict and judgment, citing Carter Carburetor Corp. v. Riley, 8 Cir., 186 F.2d 148. The plaintiff's statement, which finds support in many opinions of this Court,[1] is an erroneous statement of

1. Security Life Ins. Co. of America v. Brimmer, 8 Cir., 36 F.2d 176, 178; Yellowway, Inc., v. Hawkins, 8 Cir., 38 F.2d 731, 738; Hard & Rand, Inc., v. Biston Coffee Co., 8 Cir., 41 F.2d 625, 626; Skaggs Safeway Stores, Inc., v. Dunkle, 8 Cir., 49 F.2d 169; Aetna Casualty & Surety Co. v. Reliable Auto Tire Co., 8 Cir., 58 F.2d 100, 103; Fricke v. General Accident, Fire & Life Assur. Corp., 8 Cir., 59 F.2d 563; United States v. Nickle, 8 Cir., 70 F.2d 873, 878; United States v. Hossmann, 8 Cir., 84 F.2d 808, 810; Ocean Accident & Guarantee Corp. v. Moore, 8 Cir., 85 F.2d 369, 371; F. W. Woolworth Co. v. Carriker, 8 Cir., 107 F.2d 689, 692; Aetna Life Ins. Co. v. McAdoo, 8 Cir., 115 F.2d 369, 370;

the law, and is now expressly disapproved and overruled.[2]

It is true, of course, that an appellant may not challenge on review the correctness of instructions to which he took no exceptions or only a general exception. Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A.; Palmer v. Hoffman, 318 U.S. 109, 119, 63 S.Ct. 477, 87 L.Ed. 645 and cases cited; Palmer v. Miller, 8 Cir., 145 F.2d 926, 930. In that sense, and in that sense only, it may be said that the instructions to which no exceptions are taken become the law of the case for determining whether the instructions are subject to review on appeal. See Union Pacific Railroad Co. v. Denver-Chicago Trucking Co., Inc., 8 Cir., 202 F.2d 31, 37–38. But in determining whether a trial court has erred in denying a motion for a directed verdict made at the close of the evidence, it is the applicable law which is controlling, and not what the trial court announces the law to be in his instructions. This Court must ascertain for itself what the applicable law is, whether the instructions were excepted to or not. A proper motion for a directed verdict and its denial will always preserve for review the question whether under the law truly applicable to the case there was an adequate evidentiary basis for the submission of the case to the jury. In Slocum v. New York Life Insurance Co., 228 U.S. 364, 369–370, 33 S.Ct. 523, 526, 57 L.Ed. 879, it was said that a ruling on a motion for a directed verdict "is subject to re-examination and approval or disapproval on writ of error in like circumstances and in like manner as are other rulings in matter of law during the course of the trial." See, also, Central Steel Tube Company, Inc., v. Herzog, 8 Cir., 203, F.2d 544.

In the instant case, then, what we must decide is whether, under the evidence and the applicable substantive law, which is that of South Dakota, the District Court erred in denying the defendants' motion for a directed verdict and in submitting this case to the jury.

The Supreme Court of South Dakota, so far as we are aware, has decided no case where the facts are comparable to those before us. The nearest approach appears to be the case of Larson v. Loucks, 69 S.D. 60, 6 N.W.2d 436. There a driver of a motor vehicle, who did not see and had no reason to anticipate the presence of a 23-months old child, while starting to move his motor vehicle in a farmyard accidentally struck and killed the child. The trial court directed a verdict for the defendant, and the Supreme Court of South Dakota affirmed, saying, at page 63 of 69 S.D., at pages 437–438 of 6 N.W.2d: "Having no reason to anticipate the child's presence near his [the defendant's] car, negligence cannot be predicated on the mere fact that he started his machine injuring the child." The case of Larson v. Loucks is comparable to that of O'Neil v. Cochrane, 184 Minn. 354, 238 N.W. 632, which is cited with approval in the Larson case. In the O'Neil case a driver of a delivery truck, in starting it, accidentally ran into a two-year old child whom he did not see and had no reason to suppose was near the truck. Neither the Larson case nor the O'Neil case involved a situation in which very young children were using the vicinity of the truck as a playground. In neither case were the facts such as to place the driver upon inquiry as to the likelihood of jeopardizing children in moving his truck.

In Lovel v. Squirt Bottling Co. of Waconia, Inc., 234 Minn. 333, 339, 48 N.W.2d 525, 529, the Supreme Court of Minnesota said:

"It is well settled that where children are known or may reasonably be expected to be in the vicinity of a parked automobile or truck a degree of vigilance commensurate with the greater hazard thereby created is required of

Smails v. O'Malley, 8 Cir., 127 F.2d 410, 413; Rittgers v. United States, 8 Cir., 154 F.2d 768, 772; Pevely Dairy Co. v. United States, 8 Cir., 178 F.2d 363, 367; Carter Carburetor Corp. v. Riley, 8 Cir., 186 F.2d 148, 150.

2. All members of this Court are agreed that instructions to which no exceptions have been taken are not the law of the case for reviewing an order denying a motion for the direction of a verdict.

the driver of the automobile or truck to measure up to the standard which the law regards as ordinary care. See, Audette v. Lindahl, 231 Minn. 239, 42 N.W.2d 717; McCarthy v. City of St. Paul, 201 Minn. 276, 276 N.W. 1; Carlson v. Sanitary Farm Dairies, Inc., 200 Minn. 177, 273 N.W. 665. Whether such a driver has measured up to this standard is, of course, a fact question for the jury. Schroeder v. Streed, 231 Minn. 267, 42 N.W.2d 816; Marcum v. Clover Leaf Creamery Co., 225 Minn. 139, 30 N.W.2d 24; Otterness v. Hathaway, 204 Minn. 88, 282 N.W. 687."

In the Lovel case the court also said, at page 340 of 234 Minn., at page 530 of 48 N.W.2d:

"The cases of O'Neil v. Cochrane, 184 Minn. 354, 238 N.W. 632, and Williams v. Cohn, 201 Iowa 1121, 206 N.W. 823, relied upon by defendants and forming the basis of the trial court's action in directing a verdict in favor of defendants, are not controlling. In each of the cited cases, the court noted that the truck driver had not seen the injured child in the vicinity prior to the accident, and hence was not under obligation to exercise a higher degree of care commensurate with such knowledge. In each case, the evidence disclosed that the driver had discharged his applicable duty of exercising ordinary care. In the present case, as indicated above, if the jury determined that Aldridge [the truck driver] knew of the presence of Janis [the child] near his truck shortly prior to the accident, it might well determine that he had failed to discharge the increased obligations of care imposed upon him as a result of such knowledge."

In the case of Audette v. Lindahl, 231 Minn. 239, 42 N.W.2d 717, involving a situation where a five-year old child was injured when struck by a truck which was passing through an area where small children were likely to be present, the Supreme Court of Minnesota said, at page 242 of 231 Minn., at page 719 of 42 N.W.2d:

"The court instructed the jury that the driver of a motor vehicle must exercise reasonable care upon observing a child upon a roadway, and what is proper precaution depends upon all the circumstances surrounding the situation at that time as shown by the evidence. The instruction was fundamentally correct, but it should have been amplified to indicate the high degree of vigilance that is required of motorists when they are approaching or passing through an area where young children are known or are likely to be present. The jury should have been instructed in substance that where children are known *or may reasonably be expected to be* in the vicinity a degree of vigilance commensurate with the greater hazard created by their presence *or probable presence* is required of a driver to measure up to the standard of what the law regards as ordinary care. Carlson v. Sanitary Farm Dairies, Inc., 200 Minn. 177, 273 N.W. 665; McCarthy v. City of St. Paul, 201 Minn. 276, 276 N.W. 1; Forseth v. Duluth-Superior Transit Co., 202 Minn. 447, 278 N.W. 904. It was prejudicial error not to give such instruction under the circumstances."

We have little doubt that the Minnesota rule applicable to cases such as this is the rule generally, though not universally, applied. 5 Am.Jur., Automobiles, § 186, page 608; 60 C.J.S., Motor Vehicles, § 396 a. and d. While the Supreme Court of South Dakota may reject the rule, that court has not yet done so, and the defendants are unable to demonstrate that it will adopt a contrary view. One who parks his motor vehicle in the midst of or in close proximity to playing children of tender years, and then runs over one of them, after taking no more precautions in starting his vehicle in motion than he would take were there no reason to anticipate the presence of children in dangerous proximity to his vehicle, can hardly be heard to say that as a matter of law he was free from actionable negligence. The questions whether under the circumstances his conduct measured up

864

to that of an ordinarily prudent driver and whether a lack of due care on his part caused the accident, we think are ordinarily questions of fact for a jury to decide. See and compare Doyen v. Lamb, S.D., 49 N. W.2d 382.

The defendants contend that the circumstantial evidence rule as announced and applied in South Dakota in both civil and criminal cases, see Erickson v. Todd, 62 S.D. 280, 252 N.W. 879 and Crilly v. Morris, 70 S.D. 584, 600, 19 N.W.2d 836, 844, precluded the submission of the instant case to the jury; this because the evidence was circumstantial in that it failed to show where the child was when the truck started moving or how the child got under the rear wheel, and did not exclude every rational hypothesis except that of actionable negligence on the part of the driver. The South Dakota circumstantial evidence rule was considered in National Lead Co. v. Schuft, 8 Cir., 176 F.2d 610. In referring to the rule, this Court said, at page 613 of 176 F.2d:

"We do not, however, understand this to mean that proximate cause in a negligence case resting on circumstantial evidence is ordinarily a question for the court and not the jury. Nor have we so applied the rule in the South Dakota cases that have come before us. See e.g. Turner County, S. D. v. Miller, 8 Cir., 170 F.2d 820; Minnehaha County, S. D. v. Kelley, 8 Cir., 150 F.2d 356; Jackson County, S. D. v. Dufty, 8 Cir., 147 F.2d 227. And the South Dakota Supreme Court itself has said, quoting from Finkelston v. Chicago, Milwaukee & St. P. Ry. Co., 94 Wis. 270, 68 N.W. 1005, in relation to proof of the origin of a fire: ' "Obviously it is no objection that the origin of the fire was not established by direct evidence." "If such an occurrence is within reason, then it was a question for the jury to say whether the fire was so caused or not." ' Meir [Meier] & Lockwood Corp. v. Dakota Live Stock & Inv[estment] Co., 46 S.D. 397, 193 N.W. 138, 142."

See, also, American Radiator & Standard Sanitary Corp. v. Fix, 8 Cir., 200 F.2d 529, 536.

We are not convinced that the District Court in this case either misconceived or misapplied the applicable law of South Dakota in denying the motion of the defendants for a directed verdict and in submitting this case to the jury.

The judgment appealed from is affirmed.