ANDREW M. ROSVOLD, TRUSTEE FOR THE NEXT
OF KIN OF WAYNE ANDREW ROSVOLD, v.
ERNEST JOHNSON, d.b.a. BRAINERD
BLACKTOPPING COMPANY, AND ANOTHER.

169 N. W. (2d) 598.

July 18, 1969—No. 41226.

*Harvey E. Skaar,* for appellant.

*Quinlivan, Quinlivan & Williams,* for respondents.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

PETERSON, JUSTICE.

Plaintiffs in an action for the wrongful death of a 5-year-old child, who was fatally injured when he rode his tricycle into the path of defendants' heavy construction vehicle on a residential street, appeal from an order denying their posttrial motions for a new trial for judgment notwithstanding the jury's verdict for defendants.

Plaintiffs state, upon oral argument, that the most important of the numerous issues they have raised is whether the trial court erred in its instruction that this young child could be found contributorily negligent.[1] The instruction, in relevant context with an instruction as to the statutory presumption of due care and additional comment as to defendants' duty, is as follows:

"Contributory negligence on the part of Wayne Andrew Rosvold is negligence which contributed as a direct cause to the accident, and if Wayne Andrew Rosvold was contributorily negligent, then plaintiff, his father as trustee, cannot recover.

"In this connection I wish to call to your attention certain rules of law. In the case of a child, reasonable care means that care which a reasonable child of the same age, intelligence, training and experience as Wayne Andrew Rosvold at the time of his death would have used under like circumstances. In other words, there was a duty upon Wayne Andrew Rosvold to use care, that care which a five-year-old child of the same age, intelligence, training and experience would have used.

"The law says that where a person has been fatally injured, such as Wayne Rosvold, the law presumes that at the time of the accident causing his death that he, Wayne Rosvold, was using reasonable care for his own safety. Thus, if you find that there

---

[1] Plaintiffs assert other error as to the granting or denial of the parties' requested instructions, and contend that defendant driver was negligent as a matter of law. The instructions have been carefully considered, and we conclude that there was no error. The issues of defendants' negligence were clearly for the jury to determine.

is no evidence to the contrary you must find that Wayne Andrew Rosvold was using reasonable care. However, if you find that there is evidence to the contrary, you must then determine on the basis of all the evidence whether or not Wayne Rosvold failed to use reasonable care under the circumstances.

"In connection with the duty of Gary DeRoiser [driver of the death vehicle] I should also add this: Where a person knows or has reason to know that children are likely to be in the vicinity, the greater hazard created by their presence or probable presence is a circumstance to be considered."

It is well settled that a 5-year-old child may be found guilty of contributory negligence, Audette v. Lindahl, 231 Minn. 239, 42 N. W. (2d) 717; but in Watts v. Erickson, 244 Minn. 264, 268, 69 N. W. (2d) 626, 629, we held that "before the issue of contributory negligence of plaintiff was submitted, the jury should have had some information with reference to the experience, intelligence, maturity, training, and capacity of [the child]." Plaintiffs argue that, aside from general description of the deceased child as being of "above average intelligence," there was an insufficient Watts-like evidentiary predicate for submission of his contributory negligence as an issue for the jury's consideration.

The factual situation in Watts was this: Defendant, the local chief of police, was driving upon the street adjacent to a public park at a point where he knew children customarily crossed the street on foot. He struck and injured the plaintiff, a child almost 5 years old. Although the plaintiff's foster mother had testified that prior to the accident the plaintiff was an alert bright boy, there was also testimony by defendant's medical witness that after the injury the child appeared "a little bit retarded." There was no evidence, we observed, as to the child's experience in crossing streets, the amount of traffic instructions he had received at home, and no further evidence as to his general intelligence, knowledge, or experience. The jury, in its general verdict for defendant, noted that "both parties were negligent." We granted a new trial.

The situation in the instant case as to the deceased child's personal background and capacity was described by his father, a district life insurance representative. The child was "obedient" and had "a real excellent personality," which was "above average for his age." He had older brothers and sisters, three of them teen-agers who acted as babysitters, both at home and for others. He had a little brother 2 years younger than himself, with whom he attended Sunday school. He "had quite a concern for his little brother" and "actually looked after him so to speak as far as being outside." Asked by his own counsel concerning "any unusual skills" of the child, the father testified:

"* * * He was very interested in school and he had registered two weeks previous to the accident for kindergarten. But previous to this he had learned his ABC's and also his numbers previous to this. In my estimation usually in kindergarten they are learning to play only, but I feel this showed his advanced maturity or ability as a child at this age."

We hold that the evidence of the deceased child's intelligence, training, and experience was sufficient to warrant the trial court's submission of his contributory negligence to the jury. To require more, we think, would in effect overrule our precedents that a child can be found contributorily negligent. We are aware, of course, that there was no direct testimony by the child's father that his deceased child had been expressly admonished against riding his tricycle into the public street. We may make the improbable assumption, simply for purposes of considering the consequences of plaintiffs' argument, that the deceased child's parents, conscientious as they have been eloquently demonstrated to be, never gave the child this most elemental safety instruction. An uncritical extension of the literal language of Watts, involving an action for the benefit of an injured child, to the instant case, involving an action for the benefit of the next of kin of a deceased child, would have a manifestly unconscionable result: The most neglectful parent would be favored in resultant recovery over the most prudent parent.

Submission of an issue of contributory negligence in an action for death by wrongful act is virtually compelled, in any event, by the requirements of Minn. St. 602.04. The statute, which establishes a presumption that the deceased was "in the exercise of due care for his own safety," directs that "[t]he jury shall be instructed of the existence of such presumption, *and shall determine whether the presumption is rebutted by the evidence in the action.*" (Italics supplied.) The statutory presumption was not waived by plaintiffs. To give that statutory instruction without at the same time giving an instruction as to contributory negligence would, in our opinion, have the effect of translating a rebuttable presumption into an absolute presumption.

Affirmed.