SHEILA J. VAN ASCH, A MINOR, BY HER
FATHER AND NATURAL GUARDIAN, JOSEPH G.
VAN ASCH, AND ANOTHER v.
RENATO R. RUTILI.

174 N. W. (2d) 101.

January 16, 1970—No. 41539.

10

*Sorensen & Sorensen* and *Donald J. Sorensen,* for appellants.
*Schermer, Gensler, Schwappach, Borkon & Ramstead,* for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Sheran, JJ.

OTIS, JUSTICE.

This is an action to recover damages brought on behalf of a 5-year-old pedestrian, Sheila J. Van Asch, who was injured by a car driven by defendant. The jury awarded defendant a verdict, and plaintiff appeals from an order denying her judgment n. o. v. or a new trial.

The accident occurred on June 16, 1964, at 3:30 in the afternoon. Defendant was driving north on Bryant Avenue South in the city of Minneapolis and had stopped at West 28th Street for an arterial stop sign. He then made a right turn, and as he did so he heard a thump which he said he thought was occasioned

by hitting the curb. Another motorist, headed east on 28th Street, saw plaintiff had been injured and curbed defendant's vehicle about half a block from the intersection. The inspection of defendant's car by the police indicated that plaintiff had come into contact with the left rear door and left rear fender. She told the officer who attended her injuries that a boy named Billy was "chasing them" and that she ran across the street, but was unable to say what street she ran across, where she started from, or where she had been going.

■ Sheila's father was an employee of the hospital to which she was taken for emergency treatment. When he saw the little girl, he asked her the following questions:

Q: "Sheila, what happened?
A: "Daddy, a car hit me.
Q: "Where were you?
A: "I stopped, he stopped, I started, he started, he hit me.
Q: "Did the car run over you?
A: "There was a big noise underneath."

The trial court sustained objection to the introduction of this conversation. It cited Watts v. Erickson, 244 Minn. 264, 69 N. W. (2d) 626, as authority for the proposition that testimony elicited in response to a question is not admissible under the res gestae rule. In so ruling, we believe the court was in error but we hold that, in any event, it was harmless error. The correct rule is stated in State v. Gorman, 229 Minn. 524, 527, 40 N. W. (2d) 347, 349, where we said that a statement made in response to a question is not necessarily inadmissible. However, at most, Sheila's statement indicated that at some point she stopped before colliding with defendant's car. We fail to see how the evidence would have exonerated her from negligence or implicated defendant. A more significant factor was the length of time which elapsed between the accident and the conversation. Whatever effect that interval may have had on admissibility, we hold that exclusion of the evidence does not require a reversal.

■ Plaintiff concedes that under the law of Minnesota a 5-year-old child may be held guilty of contributory negligence. However, she raises the issue of whether as a prerequisite to such a finding there was sufficient evidence of her experience, intelligence, maturity, training, and capacity. Watts v. Erickson, 244 Minn. 264, 269, 69 N. W. (2d) 626, 629. Here, there was evidence that she had been warned to be careful crossing streets and had been reprimanded for not exercising care, that she had grown up in the city and was familiar with city streets and traffic, and that she was a girl of average or better intelligence who had completed a year of kindergarten. We hold that under our decisions this foundation for submitting the issue of contributory negligence was adequate. Rosvold v. Johnson, 284 Minn. 162, 169 N. W. (2d) 598.

■ Plaintiff asserts it was error to refuse the instruction set forth in Minnesota Jury Instruction Guides, Instruction 103, as follows:

"Where a person (knows) (has reason to know) that children are likely to be in the vicinity, the greater hazard created by their presence (or probable presence) is a circumstance to be considered in determining whether reasonable care was used. The duty, however, always remains the same—reasonable care under the circumstances."

A similar contention was raised in Audette v. Lindahl, 231 Minn. 239, 42 N. W. (2d) 717, where we held it was reversible error to deny an instruction that, where children are known or may reasonably be expected to be in the vicinity, a degree of vigilance commensurate with the greater hazard created by their presence or probable presence is required. In that case, however, the accident occurred in a park area at a time when there was street-repair machinery in operation which, we suggested, would attract children. In the instant case there was no evidence of any unusual condition which would alert a driver to the presence of children other than the fact the intersection was in a residential

area. Under these circumstances, the granting or denying of the instruction was discretionary with the trial court.

■ Finally, plaintiff assigns as error the court's failure to give the so-called look-and-not-see-that-which-is-in-plain-sight instruction. Plaintiff argues that she must have been within defendant's range of vision before the impact. We do not find that the evidence compels such a conclusion. Defendant had come to a stop at an arterial highway and was preoccupied with traffic moving east on 28th Street. There is nothing to indicate that Sheila emerged from a location where defendant could be expected to see her. The record would permit an inference that Sheila was running across Bryant from a point not directly in defendant's line of vision but rather from a position back of the curb line of 28th Street. The fact that she collided with the left rear portion of defendant's car suggests that she was not where he could see her when she crossed the street. The instruction regarding a driver's failure to see what is in plain sight should be reserved for situations where there is adequate proof to establish the facts from which an inference can be drawn that a driver's observation was inadequate. There was no error in the court's refusal to give the instruction requested.

Affirmed.