## MABEL WEASLER v. MURPHY TRANSFER & STORAGE COMPANY.[1]

April 30, 1926.

No. 25,248.

**Finding of negligence of truck driver sustained.**

1. Inasmuch as the evidence tends to show that the driver of defendant's truck crowded two boys between his machine and one that was parked, in such fashion as to cause them to fall from the bicycle on which both were riding, one of the boys sustaining serious injuries, the jury's finding of negligence must stand.

[1]Reported in 208 N. W. 657.

**Contributory negligence for jury.**

2. The question of contributory negligence was for the jury.

**Verdict not excessive.**

3. The verdict of $15,000 for the loss by a boy, 11 years old, of practically the entire left leg, is not so excessive as to warrant reversal or conditional reduction.

Damages, 17 C. J. p. 1109 n. 68.
Motor Vehicles, 28 Cyc. p. 27 n. 25; p. 28 n. 26; p. 47 n. 20; p. 49 n. 47.
Negligence, 29 Cyc. p. 426 n. 72; p. 428 n. 75, 76; p. 429 n. 89.

See notes in 51 L. R. A. (N. S.) 989; L. R. A. 1918A, 245; 2 R. C. L. 1184; 1 R. C. L. Supp. 723; 4 R. C. L. Supp. 146; 5 R. C. L. Supp. 134.
See note in L. R. A. 1915F, 30; 8 R. C. L. 674; 2 R. C. L. Supp. 638; 4 R. C. L. Supp. 567; 5 R. C. L. Supp. 480.

Action in the district court for Hennepin county by a mother to recover for personal injury to her minor son. The case was tried before Montgomery, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Briggs, Weyl & Briggs, A. V. Junkin* and *Harry Weiss,* for appellant.

*Tautges & Wilder,* for respondent.

STONE, J.

Action by a mother to recover for personal injury to her son. The verdict was for plaintiff and defendant appeals from the order denying its motion for judgment notwithstanding the verdict or a new trial. The situation cannot be made clearer than by the following excerpt from the charge to the jury:

"It appears that George Weasler and another boy, Merlyn Modig, then twelve years of age, were riding on a bicycle belonging to George, on Washington Avenue, in a northerly direction from 14th Avenue south towards 13th Avenue south, George sitting on the

bicycle saddle and Merlyn standing upon the pedals in front of George and propelling and guiding the bicycle. Near the southeast corner of 13th Avenue, * * * a small automobile delivery truck was standing backed to the curb in a diagonal direction towards the north. As the boys on the bicycle approached the standing truck another and larger truck drove up behind the bicycle going in the same direction and passed in front of the standing truck. As both the large truck and the bicycle were either just about to cross or were crossing in front of the standing truck both boys fell from the bicycle and George received the injuries just mentioned."

The finding of negligence of the truck driver, upon which the verdict was placed, must stand. The testimony is open to this conclusion: With the boys on the bicycle just in front and to the right of defendant's truck, the chauffeur drove so close to the other machine that he did not allow them room to pass in safety between the two, but on the contrary crowded them and in fact ran his truck against them so as to cause them to fall from their bicycle. The result was that George Weasler was thrown under defendant's truck and suffered the loss by crushing and consequent amputation of almost all of his left leg.

If there is one cause which, more than any other, should lead to the exercise of a high degree of care by an automobile driver, it is the presence of children in such a situation that any combination of action on their part and his can result in injury to them. Every automobilist should know that and if one does not govern himself accordingly, he cannot complain if a jury finds him guilty of negligence. That is said with due regard for the fact that as matter of law due or ordinary care is all that is required. But due or ordinary care is measured by the circumstances and is commensurate with their requirements. Mattson v. M. & N. W. R. Co. 95 Minn. 477, 482, 104 N. W. 443, 70 L. R. A. 503, 111 Am. St. 483, 5 Ann. Cas. 498. By that standard juries may and should measure it. Ordinary prudence requires a high degree of care with respect to children in a position which is or may become dangerous. Particularly is that true if they are engaged in play or other occupation which so far

absorbs their attention that they are oblivious to approaching danger.

We are not unmindful of the testimony of defendant's driver that he did not see the boys or know of their presence until after the accident. The jury was not required to believe that. And if they did, they might have considered it as contributing to the sum of negligence with which they charged defendant because of the acts of its servant. The bicycle must have been in front and to the right of the truck for some time before the accident. The truck was overtaking the bicycle. It did so when the parked machine was reached. That the driver of the overtaking machine did not know of the presence of the boys, in their position of easily possible danger, might well have been considered evidence of negligence. These phases of the situation are too clear to require further discussion or the citation of authority in support of our conclusion, but see, with respect to the care required for the protection of children, Olesen v. Noren, 161 Minn. 113, 201 N. W. 296. In Deputy v. Kimmell, 73 W. Va. 595, 80 S. E. 919, 51 L. R. A. (N. S.) 989, it was held that the vigilance required of the operator of an automobile varies "in respect to persons of different ages or physical conditions. He must increase his exertions in order to avoid danger to children, whom he may see, or, by the exercise of reasonable care, should see, on or near the highway. More than ordinary care is required in such cases." In Albert v. Munch, 141 La. 686, 75 South. 513, it was held that where two boys were "trailing in a soap box wagon behind an ice wagon" the driver of an automobile approaching on a principal street of a large city "should take such precautions in his driving as that, in no event or situation, conceivable to an intelligent man, will he run over and kill the boys." That case is also reported and annotated in L. R. A. 1918A, 240.

There is nothing in Boyd v. City of Duluth, 126 Minn. 33, 147 N. W. 710, which requires or even suggests any other view of this case. There a boy was injured by a timber falling from the bridge. His presence was unknown and unanticipated by those whose act let the timber fall. Liability was denied because the casualty was due to "such an extraordinary combination of circumstances" that

the presence of the child under the bridge and the injury in question could not have been reasonably anticipated. The difference between that case and the one now under consideration is obvious. Here, to start with, two boys were on the same bicycle. That fact alone the jury might well have considered a circumstance requiring special care of one approaching from their rear, for a bicycle loaded and propelled as was this one increases the risk of a fall or other unexpected disaster to the riders. The driver of defendant's truck either saw or ought to have seen the boys and ought to have appreciated the possible danger of not leaving them sufficient space for safe passage between his machine and the parked truck as he passed in front of the latter. That at least is a view which was easily open to the jury.

2. The issue of contributory negligence was properly submitted to the jury. In view of the age of young Weasler, we cannot say that he was negligent as matter of law. "The standard by which his conduct is to be judged is that of the ordinarily prudent boy of 11." Hughes v. M. St. Ry. Co. 146 Minn. 268, 178 N. W. 605.

3. The verdict is attacked as excessive. If it be generous it certainly is not so much so that we should order a new trial, even one conditioned on plaintiff's consent to a reduction of the verdict. The element of suffering makes a substantial contribution to the damage. "The stump from * * * the inside of the thigh or leg, where the leg joins the lower part of the body * * * is barely two inches" in length. At one point on the end of the stump, the bone comes directly against the skin. Its value as an attachment for an artificial limb is problematical. One may be fitted successfully but its value for other purposes than those of appearance, remains questionable.

Order affirmed.