## MARLIN OTTERNESS v. HAROLD HATHAWAY AND ANOTHER.[1]

December 9, 1938.

No. 31,820.

*Charles H. Weyl,* for appellants.

*B. W. Wilder* and *Tautges, Eichelzer & Tautges,* for respondent.

PER CURIAM.

In an action for being struck by a truck belonging to the corporate defendant and driven by defendant Hathaway, the plaintiff, a boy seven years of age, recovered a verdict, and the defendants

[1]Reported in 282 N. W. 687.

have appealed from an order denying their alternative motion for judgment or a new trial.

At about 4:30 o'clock in the afternoon of May 10, 1937, Hathaway was driving the corporation's truck northerly in the alley which extends from Eighteenth street to Seventeenth street in the block between Fourth and Fifth avenues south in Minneapolis. As he proceeded toward Seventeenth street he passed on his right hand a private garage, a tight high-board fence in which there was a board gate, at that time standing open, and still farther to the north a large frame building. The alley was a narrow one. From the pictures it was apparently 12 to 14 feet wide. Children were accustomed to play in the alley, and Hathaway was aware of that custom. When he was perhaps halfway through the alley he was observed by a pedestrian standing at the north end, who estimated his speed at around 25 to 30 miles an hour. This witness elected to wait until the truck passed, and so he stood where he could well see the accident to the plaintiff, who had been playing with other children east of the board fence. The boy, who was being chased by a playmate, ran out through the gateway in a northwesterly direction. According to this witness's story, the boy was struck by the bumper of the truck and thrown toward the fence on the east side. Hathaway denies that the boy was struck by the front end of the truck but asserted that he must have run into the side of the truck as it was passing the gateway. There was much evidence tending to impeach the plaintiff's witness, but as we regard the record it presented a question of fact as to whether the boy was struck as described by the plaintiff's witness and as to whether the truck was going at the speed which that witness asserted that it was. That being the case, the record presented a question of fact for the jury as to whether Hathaway, knowing as he did that the alley was frequented by children at play, drove at a negligent rate of speed and without warning through the alley and so injured the plaintiff. This court has so frequently remarked upon the high degree of vigilance required under such circumstances in order to constitute ordinary care on the part of the driver that there is no need for us to cite the cases in support of that doctrine. The alley

was narrow, the gate or doorway through the high-board fence was obviously open, and the whole situation required a very high degree of vigilance and precaution on the part of Hathaway. Plaintff's witness was somewhat inconsistent in his estimates of distance, and he was confronted with contradictory statements made subsequent to the occurrence. The evidence tending to impeach him was very strong, and it is with some reluctance that we conclude to affirm the trial court's order rather than to grant a new trial. But after careful consideration we have concluded that the order appealed from should be affirmed.

Affirmed.