ROY GEORGE DeLOSIER, TRUSTEE FOR HEIRS OF THEODORE DeLOSIER, v. EDWARD C. METCALF.

80 N. W. (2d) 57.

December 21, 1956—No. 36,732.

*Robins, Davis & Lyons* and *Harding A. Orren,* for appellant.
*Carlsen & Greiner* and *Charles E. Carlsen, Jr.,* for respondent.

DELL, CHIEF JUDGE.

The plaintiff, as trustee for the heirs of the decedent,[1] seeks to

---

[1]Appointed pursuant to the provisions of M. S. A. 573.02.

recover damages for the death of his four and one-half year old son, alleging that the death was caused by the negligence of the defendant. There was a verdict for the defendant and plaintiff appeals from an order denying his motion for a new trial.

On November 9, 1953, the decedent made certain purchases at a small corner grocery store in a residential area in Minneapolis. Two or three minutes after he left the store, the defendant, an electrical inspector employed by the city of Minneapolis, entered the store and briefly examined certain wiring on a window sign. The store owner testified that the defendant appeared to be in a hurry, although the defendant denied this, claiming that he was making a reinspection involving only a cursory examination. While the defendant noticed several children in the store, he testified that he did not see any children outside or, in particular, near his automobile. There was no evidence from any source that there were any children visible in the vicinity of the defendant's automobile.

When the defendant left the store he walked diagonally across the street and entered his automobile on the driver's side. After seating himself he attached the inspection sheet to a clip board and placed it on the seat beside him. He removed his keys from his pocket and started the car. Before starting he looked through the rear view mirror, his side mirror, and ahead of the car. He observed no people, traffic, or other automobiles in the immediate vicinity. He then turned his wheels to the left and had started forward four or five feet when he felt a bump at his right rear wheel.[2] He was then moving approximately one or two miles an hour. Upon feeling the bump he turned his head to the right, looked out the back window, and saw the deceased rolling over in the street. He stopped the car one or two car lengths from the child. The deceased was

---

[2] A deposition taken some six months after the accident indicates that the defendant then testified that he felt the bump at the left rear wheel of the car. Defendant claims that if he did so testify he did not realize it; that it was not done wilfully; that it was a mistake and that the bump was at the right rear wheel. The fact that the boy was apparently run over at approximately "his belt line" and his position upon the street after the accident would indicate that it was the right wheel which passed over him.

lying with his feet toward the curb, about one to three feet from it, with his head toward the center of the street. The defendant testified that he heard no noise or had any other indication of a child being near his car until after he saw the deceased rolling over in the street. There appear to have been no eyewitnesses to the accident.

Plaintiff contends that the trial court erred in refusing to give a requested instruction; in giving certain other instructions; and in submitting the issue of the contributory negligence of the decedent's parents to the jury. Since we conclude that plaintiff is not entitled to a new trial, it becomes unnecessary to consider the merits of these contentions. It has long been the rule in this state, and we have repeatedly held, that errors occurring upon the trial are harmless where the verdict is right as a matter of law.[3] As we said in DeVere v. Parten, 222 Minn. 211, 214, 23 N. W. (2d) 584, 586:

"New trials are granted in the interests of justice in order that a litigant may have his case determined free from errors of law and irregularities prejudicially affecting the decision. Errors in the charge and misconduct of the prevailing party or his counsel are recognized as grounds for granting a new trial. Unless the error or irregularity complained of has resulted in prejudice to the complaining party, there is no injustice to be corrected, and the interests of justice do not require that a new trial be granted. Where the complaining party has no cause of action, the law compels a finding against him regardless of any finding by the trier of fact. In that situation, nothing said by his adversary in the course of the trial or any error occurring upon the trial can have any possible effect upon the result which the law compels. Where the verdict is the only one warranted under the law and by the evidence, error in the charge and misconduct on the part of counsel for the prevailing party in his closing argument are harmless and no grounds for a new trial."

---

[3] E. g., DeVere v. Parten, 222 Minn. 211, 23 N. W. (2d) 584; Gordon v. Pappas, 227 Minn. 95, 34 N. W. (2d) 293; McGuiggan v. St. Paul City Ry. Co. 229 Minn. 534, 40 N. W. (2d) 435.

If, in the instant case, the evidence could reasonably sustain a finding that the defendant was negligent, the plaintiff would be entitled to a thorough consideration of the alleged errors. Care must be taken not to decide a negligence action as a matter of law except in the clearest of cases.[4] However, in this particular case the evidence, construed most favorably to the plaintiff, is not sufficient to support a finding of negligence or a verdict for the plaintiff. There is no evidence whatever of any failure on the part of the defendant to keep a proper lookout nor is there any evidence to show how this accident happened. On the record here, that is left entirely in the realm of speculation and conjecture. There are no facts or circumstances shown from which negligence could be inferred. We have not overlooked the deposition. A careful review of it in the light of the entire evidence in this case, together with defendant's explanation, satisfies us that under the circumstances here there is nothing in it sufficient to create an issue of negligence. The burden of proving negligence was, of course, upon the plaintiff and this, in our opinion, he has failed to do as a matter of law.[5]

The record shows that the trial judge was of the same opinion but allowed the matter to go to the jury to avoid the necessity of a retrial in the event he was in error. This is commendable practice.

Inasmuch as the verdict was the only one permissible under the evidence, there can be no prejudicial error based on the grounds specified by the plaintiff and, therefore, plaintiff's motion for a new trial was properly denied.

Affirmed.

[4] See, e. g., Kedrowski v. Czech, 244 Minn. 111, 69 N. W. (2d) 337.

[5] Compare, O'Neil v. Cochrane, 184 Minn. 354, 238 N. W. 632, and Hagsten v. Simberg, 232 Minn. 160, 44 N. W. (2d) 611, with Shawley v. Husman, 247 Minn. 510, 78 N. W. (2d) 60.