## STATE v. AGNES A. SLETTA.

155 N. W. (2d) 392.

December 29, 1967—No. 40,401.

*Rainer L. Weis* and *Ronald R. Frauenshuh,* for appellant.
*Douglas M. Head,* Attorney General, and *Ronald C. Anderson,* Willmar City Attorney, for respondent.

PER CURIAM.

Defendant was convicted of the traffic offense of failure to yield the right-of-way to a vehicle on a through highway, first by the municipal court of Willmar and, on appeal, by a jury in district court.

Her appeal to this court raises only two questions: (1) The sufficiency of the evidence to sustain the conviction, and (2) whether the police officer who investigated the accident out of which the prosecution arose was improperly permitted to use a "sketch" made by him (presumably a part of an official accident report) to refresh his recollection regarding the location of the com-

plainant's vehicle after impact in order to answer a question by defense counsel.[1]

A reading of the transcript of the testimony leaves no doubt that the evidence is more than adequate to support the jury finding that the defendant failed to yield the right-of-way when, after stopping in obedience to a stop sign, she entered the intersection and collided with the left side of complainant's vehicle, which, in its approach from defendant's right on the through highway, was not only an immediate hazard but which, when defendant entered, was already in the intersection.

Defendant argues that a police officer's investigation notes or report cannot be used as a refreshing memorandum by the police officer when testifying because of the confidentiality of a law enforcement officer's report established by Minn. St. 169.09, subd. 13.

That a witness may use, when a proper foundation is laid, a written memorandum not otherwise directly admissible to refresh his recollection of facts within his knowledge is hornbook law.[2] While there could be a prejudicial misuse of a police officer's report when it is used by him to refresh his memory, such does not appear in this record. The officer, when asked to state the distance between a light pole and the location of complainant's vehicle after impact, responded, "I would have to review my sketch in order to answer that." The prosecutor then said, "Here you are," and handed some papers to the witness. Defense counsel then stated, "I ask that that not be done, because he's not permitted to testify from his official records." After a conference between counsel and the court, the officer testified that he could not answer the question because he "did not make that measurement." Thus, no fact was testified to as a result of the use of the report as a refreshing memorandum, and no attempt to introduce facts from the report rendered

---

[1] The matter of the claimed impropriety of the prosecuting attorney representing the complainant's liability insurer subsequent to defendant's municipal court conviction, attempted to be raised for the first time upon oral argument, of course is not before us. Whatever strong views we hold regarding this subject of conflict of interests cannot be expressed where there is such a disregard for the rules of appellate procedure or upon a record so woefully inadequate to raise, much less support, a claim of such a serious violation of the standards governing the conduct of a public prosecutor.

[2] 3 Wigmore, Evidence (3 ed.) § 758; Loevinger, *The Minnesota Exclusionary Rules of Evidence* (as revised), 38 M. S. A. 1966 Cumulative Annual Pocket Part 62, 83 (using a memorandum to refresh memory); Garey v. Michelsen, 227 Minn. 468, 35 N. W. (2d) 750; Larson v. Montpetit, 275 Minn. 394, 147 N. W. (2d) 580.

privileged·by· the statute or to otherwise violate § 169.09, subd. 13, was made. Moreover, it was the defense—not the prosecution—who saw fit to identify the "papers" as "official." We are not disposed to permit defendant to create her own reversible error.

Affirmed.