CAROL ACKERMAN, BY PETER ACKERMAN, HER FATHER AND NATURAL GUARDIAN, AND ANOTHER v. ELMER BERNARD THEIS.

160 N. W. (2d) 583.

July 26, 1968—No. 40,521.

*Rainer L. Weis* and *Ronald R. Frauenshuh,* for appellants.

*Quinlivan, Quinlivan & Williams* and *Roger Quinlivan,* for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Sheran, and Frank T. Gallagher, JJ.

OTIS, JUSTICE.

This is an action on behalf of a 4-year-old child for personal injuries sustained when she was struck by defendant's automobile. The jury returned a verdict for defendant, and plaintiff appeals from an order denying judgment n. o. v. or a new trial.

On Halloween night, October 31, 1964, at approximately 6:30 p. m., defendant was driving his automobile through the village of Eden Valley on Minnesota Highway No. 22, when plaintiff's daughter, Carol, ran into the street from defendant's left and was struck by defendant's car, sustaining the injuries for which this action is brought. It was a dark night and there were no street lights in the immediate vicinity. The accident occurred between intersections. At the point of impact the highway was 22 feet wide with 10-foot shoulders. There were no cars parked in the area from which the child emerged, which was a residential district. She was wearing a red jacket with white bunting.

Defendant was driving at a speed of 20 or 25 miles an hour and first saw the child when he was 15 feet from her and she was in the middle of the road. The impact occurred on the front left fender. Immediately prior to the accident, two cars coming from the other direction passed defendant. A police officer testified that he was following defendant by about three car lengths and did not see the child run into the street.

■ ·The defense of contributory negligence was not submitted to the jury. Plaintiff asserts that the facts recited required a directed verdict in plaintiff's favor. It is the principal contention of plaintiff that defendant had an extraordinary standard of care to observe on Halloween night and that there was no justification for failing to see the little girl until he was 15 feet from her.

No. case is cited in support of plaintiff's contention that defendant was negligent as a matter of law. The rule is otherwise. Bruno v. Belmonte, 252 Minn. 497, 90 N. W. (2d) 899. In all of the cases called to our attention, we have held that the question of liability is one for the jury where a child in the street is struck by an automobile. Olesen v. Noren, 161 Minn. 113, 115, 201 N. W. 296; Forseth v. Duluth-Superior Transit Co. 202 Minn. 447, 278 N. W. 904; O'Neill v. Mund, 235 Minn. 112, 49 N. W. (2d) 812; Shawley v. Husman, 247 Minn. 510, 78 N. W. (2d) 60; Kachman v. Blosberg, 251 Minn. 224, 87 N. W. (2d) 687; Capriotti v. Beck, 264 Minn. 39, 43, 117 N. W. (2d) 563, 567. There is nothing in this record which prompts us to deviate from that rule.

■ During the cross-examination of the police officer, counsel for defendant asked him to check his records with respect to the distance between the accident and Highway No. 55. Thereupon, plaintiff's counsel asked the witness, "Mr. Martinson, what is it that Mr. Quinlivan has just given you?" The witness answered, "These are the accident records that were made out that night after the accident, that was sent in to the State Highway Commissioner's office." Objection was sustained on the ground the information was privileged under Minn. St. 169.09, subd. 13. Relevant portions of that statute are as follows:

"All required accident reports * * * shall be for the confidential use of the department for accident prevention purposes * * *. No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident * * *.

"Nothing herein shall be construed to prevent any person who has made a report pursuant to this chapter from testifying in any trial, civil or criminal, arising out of an accident, as to facts within his knowledge. It is intended by. this subdivision to render privileged the reports required

but it is not intended to prohibit proof of the facts to which such reports relate."

Although no prejudice could have resulted from this interrogation since objection to the question was sustained, we have held in a series of cases that the testimony was in fact admissible. It is proper for an officer to testify to facts which are within his knowledge. Rockwood v. Pierce, 235 Minn. 519, 534, 51 N. W. (2d) 670, 678. The statute does not bar the use of those portions of a traffic accident report prepared by the officer who is testifying, if they are based on information derived from his own observations. Larson v. Montpetit, 275 Minn. 394, 147 N. W. (2d) 580.

It is always proper to use such a report to refresh the witness' memory whether it is received in evidence or not. State v. Sletta, 279 Minn. 484, 155 N. W. (2d) 392.

Affirmed.