# LAWRENCE J. BACHMAN, PERSONALLY AND AS TRUSTEE OF NEXT OF KIN OF GLEN DEAN BACHMAN, v. MICHAEL LEONARD LIESER AND ANOTHER.

184 N. W. (2d) 11.

February 12, 1971—No. 42344.

*Weis & Frauenshuh* and *Ronald R. Frauenshuh,* for appellant.

*Quinlivan, Williams, Johnson & Quinlivan* and *Gerald G. Williams,* for respondents.

Heard before Knutson, C. J., and Otis, Peterson, Kelly, and Rosengren, JJ.

OTIS, JUSTICE.

Plaintiff, as trustee, sues for the wrongful death of his minor son arising out of a collision between an automobile driven by defendant, Michael Lieser, and a motorbike operated by decedent. The jury found defendant was not negligent, and the trustee appeals. The issues are whether it was proper to submit to the jury the question of plaintiff's own negligence in failing properly to instruct his son in the operation of the motorbike and, second, whether the court's failure to charge on the question of speed was reversible error.

The accident occurred on July 3, 1968, when defendant, then 16 years of age, was driving in a southerly direction on County Road No. 10 in Stearns County, and decedent, then 11 years of age, was traveling in a westerly direction on County Road No. 130. Defendant had the directional right-of-way.

Without objection or exception, the court charged the jury as follows:

"The parent of Glen Bachman was responsible for his care and training, and it would be negligence on his part if in connection with either permitting Glen to use the motorbike on the highway, or in failing to adequately instruct Glen as to the operation of the motorbike on the public highway, the parent did not use that care which a reasonable person would use under like circumstances."

In special verdicts, the jury found defendant not negligent, the decedent 20-percent negligent, and his father, the trustee, 80-percent negligent.[1]

---

[1] We have on a number of occasions disapproved the appointment as trustee of a parent who is a potential defendant. Minners v. State Farm

■ Plaintiff argues that because the jury found decedent only 20-percent negligent, it follows that defendant was 80-percent negligent. Clearly, there is no merit in this contention. The question of how comparative negligence should be allocated between drivers and third persons, whose negligence may have also contributed to the happening of the accident, is an issue which it is not necessary to resolve in this litigation. The fact that the jury squarely found defendant free from negligence ends the matter. There was no prejudice to plaintiff in submitting the question of his own negligence since he himself was a potential beneficiary if the jury awarded damages.

■ Plaintiff requested the court to charge the jury with respect to the statute governing speed, Minn. St. 169.14, subds. 1 and 3; and § 169.20, subd. 1.[2] The court denied the request for reasons which he set forth in his memorandum as follows:

"Defendant testified that he was going 50 miles per hour just

Mutual Auto. Ins. Co. 284 Minn. 343, 344, note 2, 170 N. W. (2d) 223, 224. Although plaintiff here asserts that the trustee's negligence was not in the lawsuit, it was squarely put in issue by paragraph IV of defendant's answer in an allegation that both parents were negligent. A father's negligence is, in any event, relevant to the issue of damages. Mattfeld v. Nester, 226 Minn. 106, 131, 32 N. W. (2d) 291, 307.

[2] Minn. St. 169.14, subd. 1, provides: "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so restricted as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

Section 169.14, subd. 3, provides: "The driver of any vehicle shall, consistent with the requirements, drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions."

Section 169.20, subd. 1, provides in part: "When two vehicles enter

prior to the collision. The police records, introduced by defendant, confirm this. Defendant was the only surviving eyewitness. After the collision defendant's car traveled 189 feet before stopping and left 11 feet ten inches of skidmarks before the collision. Decedent's body was thrown 124 feet from the point of collision. Plaintiff requested instructions on loss of right of way by reason of violation of speed statute and on the basic speed rule. The accident occurred in daylight in a 65 miles per hour zone. Since there was no evidence as to improper speed, such instructions would have been improper. Shawley v. Husman [247 Minn. 510, 78 N. W. (2d) 60]."

While ordinarily it is good practice to read the speed statute to the jury as a routine matter, and we would be better satisfied had it been done in this instance, we cannot say it was reversible error not to do so. Necessarily, defendant was the only witness who could testify as to the matter of speed, and there was no physical evidence to rebut his estimate that he was traveling at 50 miles an hour in a 65-mile-an-hour zone. We have held that one who has the right-of-way is not necessarily negligent in failing to slow down at every intersection. Adelmann v. Elk River Lbr. Co. 242 Minn. 388, 391, 65 N. W. (2d) 661, 664. The statute requiring reduced speed at intersections is applicable only when the driver having the right-of-way is put on notice of the possibility of potential danger. Neal v. Neal, 238 Minn. 292, 297, 56 N. W. (2d) 673, 677; Schlukebier v. LaClair, 268 Minn. 64, 67, 127 N. W. (2d) 693, 696; Tauber v. Buffalo Lake Public School Dist. 283 Minn. 383, 168 N. W. (2d) 327; Lapides v. Wagenhals, 285 Minn. 403, 173 N. W. (2d) 334; Seivert v. Bass, 288 Minn. 457, 181 N. W. (2d) 888. Here, however, the failure to instruct

an uncontrolled intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.

"The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder."

the jury with respect to the speed statutes was, at most, harmless error.

Affirmed.