# WARREN BRENNA, AS GUARDIAN AD LITEM AND NATURAL PARENT AND GUARDIAN OF TAMMARA LYNN BRENNA, A MINOR, v. ERNEST T. MELVIE.

231 N. W. 2d 306.

June 27, 1975—No. 45297.

*Padden, Dickel, Johannson, Wall & Taylor* and *Kenneth Johannson,* for appellant.

*Myhre & Drenckhahn* and *Arthur A. Drenckhahn,* for respondent.

Heard before Rogosheske, Todd, and Scott, JJ., and considered and decided by the court en banc.

SCOTT, JUSTICE.

Warren Brenna, as father and natural guardian of Tammara Lynn Brenna, brought this action in the Pennington County District Court for personal injuries sustained by Tammara (hereinafter plaintiff) when she was struck by an automobile driven by defendant, Ernest T. Melvie. The jury, by a special verdict, found plaintiff 45-percent causally negligent and defendant 55-percent causally negligent. Total damages were assessed in the amount of $25,000. Defendant appeals from the judgment entered and from the order denying his alternative motion for judgment notwithstanding the verdict or for a new trial. We affirm.

Defendant challenges the sufficiency of the evidence from which the jury could find that he was causally negligent and claims error in the court's instructions to the jury as to the degree of care required for the operation of a motor vehicle when children are present or special hazards exist.

The injuries to plaintiff were sustained in an accident which occurred at approximately 12:15 p. m. on January 19, 1968, on Pennington County Road No. 64, a two-lane gravel road which, on that date, was slippery and snowpacked. There is substantial evidence that it was a very bright, sunny day. The speed limit at that time was 65 miles per hour. The area was generally level and there were no visual obstructions created by the surrounding terrain.

As defendant was proceeding north in a 1964 white Chevrolet on County Road No. 64 toward a destination near plaintiff's farm, he came upon and passed a schoolbus which was trans-

porting children to school from their respective homes. The bus remained approximately 150 yards behind defendant and the driver thus witnessed the ensuing accident.

Approximately 1/4 mile east of the situs of the accident, the road curves in a westerly direction. Defendant slowed his vehicle to negotiate the curve and then increased his speed as he reached the straight portion of the county road. Testimony indicates that at a point several hundred feet east of plaintiff's driveway, defendant saw a small dog cross the road from north to south. Defendant testified that he then decreased his speed and scanned the north side of the road for additional animals or children that might be present.

Defendant then noticed an object or shadow crossing the road from the south side. He immediately applied his brakes, sounded his horn, and steered to the right to avoid contact with plaintiff, but the left front fender of the skidding vehicle struck plaintiff before the automobile slid into the north ditch.

The busdriver who witnessed the accident basically substantiated defendant's testimony, stating that defendant was traveling at a speed of 30 to 40 miles per hour. The driver saw the dog cross the road at the same moment that he noticed plaintiff crouched in the shadow of cattails located on the south shoulder of the road. He stated that plaintiff was apparently darting across the road in an effort to reach the approaching bus when she was struck by defendant's automobile.

■ Defendant primarily challenges the sufficiency of the evidence to support plaintiff's contention that he failed to act as a reasonable and prudent man under like circumstances. A determination as to which facts have been established and the reasonable inferences to be drawn therefrom rests within the sound discretion of the trial court. A careful review of the record leads to the conclusions that the court properly submitted the matter to the jury and that there is sufficient and substantial evidence to support the jury verdict.

Defendant contends that the evidence establishes that his

speed and maintenance of a lookout were reasonable and prudent under the circumstances and that therefore he was, as a matter of law, not causally negligent. The standard of care to be applied in the case of speed and lookout is that which is commensurate with the conditions which existed at the time of the accident. Hatley v. Klingsheim, 236 Minn. 370, 53 N. W. 2d 123 (1952).

The record clearly discloses, and defendant admits, that the road was snowpacked and extremely slippery on the day of the accident. This, coupled with a glaring, noonday sun, created a dangerous condition and made visibility extremely difficult. Despite these conditions, there is evidence that defendant maintained a speed of approximately 40 miles per hour, until he slowed to about 30 miles per hour upon seeing the dog.

As to the lookout maintained by defendant, the record is also clear that he had an unobstructed view, that the cattails on the south shoulder were clearly visible, and that the busdriver was able to see both the dog and plaintiff before the accident. Defendant, however, had focused his attention solely on the north shoulder and did not see plaintiff until an instant before impact.

The evidence must be considered in the light most favorable to the verdict. See, Richie v. Elmquist, 283 Minn. 375, 168 N. W. 2d 332 (1969). The jury could reasonably have inferred that, given the expectation of the presence of children and the hazardous driving conditions, the maintenance of a speed of 30 to 40 miles per hour was negligent. Further, the jury might have concluded that a reasonable lookout in both directions would have revealed the child crouching on the shoulder of the road.

We therefore conclude that there is both sufficient and substantial evidence to sustain the jury verdict. See, Shawley v. Husman, 247 Minn. 510, 78 N. W. 2d 60 (1956); Ackerman v. Theis, 281 Minn. 82, 160 N. W. 2d 583 (1968).

■ Defendant also claims that the court erred in instructing the jury that the greater hazard created by the presence or probable presence of children was to be considered in determining whether defendant exercised reasonable care under the cir-

cumstances. 4 Hetland & Adamson, Minnesota Practice, Jury Instruction Guides (2 ed.) JIG II 103. However, there is substantial evidence that defendant knew of or should have expected the presence of children; he had seen the schoolbus stop for one child, he had observed schoolchildren waiting at crossings along the road, and he had seen plaintiff standing in this area on a prior occasion. This evidence sufficiently demonstrates the propriety of the instruction in the instant case.

Defendant's similar claim that the court erred in its instruction, based upon Minn. St. 169.14, subd. 3, that reduced speed is necessitated when special hazards exist, is also without factual support from the record, and this instruction was also proper.

The order denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial is therefore affirmed.

Affirmed.