## LANIER v. GREAT ATLANTIC & PACIFIC TEA CORP.

### No. 14790.

United States Court of Appeals
Eighth Circuit.

June 26, 1953.

Joe Rosenbloom, Texarkana, Ark. (Van P. Johnson, Texarkana, Ark., on the brief), for appellant.

Ned Stewart, Texarkana, Ark. (Atchley & Vance, Texarkana, Tex. and Shaver, Stewart & Jones, Texarkana, Ark. on the brief), for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment in favor of the defendant (appellee) in a personal injury action tried to a jury. At the close of the plaintiff's evidence, the defendant, without resting its case, moved for a directed verdict, which the District Court granted. This appeal followed the entry of the judgment on the verdict. The sole question for decision is whether, under the plaintiff's evidence and the applicable substantive law of Arkansas, the defendant was entitled to a directed verdict at the close of the plaintiff's evidence.

On July 21, 1951, the plaintiff, while purchasing groceries in the defendant's store in Texarkana, Arkansas, fell and broke her left ankle. Attributing her fall to the negligence of the defendant in having placed some loose flat cartons in close proximity to the watermelon stand or platform in the store, she brought this action, alleging in her amended complaint:

"That on said July 21, 1951 the defendant offered for sale to its customers watermelons and the Plaintiff was one such customer, which said watermelons were on a stand in said grocery store; that at the base of said stand and running along side and parallel to said stand were some cartons placed

there by the defendant's employees; that in order to reach the watermelons it was necessary for Plaintiff to step on said cartons; that plaintiff exercising ordinary care and prudence for her safety did step on said carton for the purpose of reaching the watermelons and as she did so the carton slid from under her foot causing the injury hereinafter complained of; that said Defendant, its agents, servants and employees were negligent in not having said cartons affixed to the floor so that it would not slide from under Plaintiff's feet and defendant was further negligent in not having said cartons of sufficient strength and weight so as not to slip when stepped upon; that the defendant, its agents, servants and employees knew or could have known by the exercise of reasonable care and judgment that the said cartons were not of sufficient strength or would slide and thereby cause an injury to a patron of its place of business."

The defendant in its answer admitted that the plaintiff, while purchasing groceries in its store on July 21, 1951, stepped upon a bread carton and sustained an injury, but denied that her injury resulted from any negligence of the defendant. It alleged that the sole proximate cause of the plaintiff's fall and injury was her own negligence "in stepping on said bread box carton which plaintiff either knew or could see or in the exercise of the proper degree of care for her own safety should have known or should have seen * * * was not of sufficient construction to hold up her own weight."

■■■■ The plaintiff's evidence did not make a strong or very satisfactory case on the issue of liability, but upon this appeal she is entitled to the benefit of every inference which reasonably can be drawn from the evidence viewed in the light most favorable to her. Barnett v. Terminal R. Ass'n of St. Louis, 8 Cir., 200 F.2d 893, 896; Coca Cola Bottling Company of Black Hills v. Hubbard, 8 Cir., 203 F.2d 859, 860. Her evidence tended to support the allegations of her complaint, and indicated that, in order to reach and to test the quality of an attractive looking watermelon on the watermelon stand or platform in the store, she was obliged to place one of her feet and rest her weight upon an empty collapsed paper carton, one of a number of such cartons which extended the length of the stand or platform; and that the carton upon which she was standing slipped or slid, causing her to fall and break an ankle. She testified that about two weeks after her accident, the defendant's store manager told her that "they had a display on those boxes and he just forgot to remove them, just forgot to take them up." We think that, giving the plaintiff the benefit of the evidence and inferences most favorable to her, and in the absence of any explanatory evidence adduced by the defendant (see and compare Barnett v. Terminal R. Ass'n of St. Louis, supra, at page 896 of 200 F.2d), the jury could have found that the defendant had permitted empty collapsed cartons to be carelessly placed or carelessly left on the floor alongside the watermelon stand, where they might well get under the feet of customers, and that that lack of care on the defendant's part caused the plaintiff's fall and injury. See and compare, Sears, Roebuck & Co. v. Peterson, 8 Cir., 76 F.2d 243, and Menser v. Goodyear Tire & Rubber Co., 220 Ark. 315, 247 S.W.2d 1019.

We are unable to tell from the record whether the District Court granted the defendant's motion for a directed verdict because the plaintiff's evidence was considered to be insufficient to establish a prima facie case of liability under Arkansas law or whether the court thought that her evidence conclusively proved that she was negligent and that her negligence caused or contributed to her fall.

■■■■ In the case of Montgomery Ward & Co., Inc., v. Snuggins, 8 Cir., 103 F.2d 458, 463, this Court held that the question whether a customer in a store was guilty of contributory negligence in stepping upon a piece of waxed paper, which caused her to fall, was for the jury. We are of the opinion that the hazards involved in stepping upon a collapsed flat carton left on the floor alongside a counter in a reputable mercantile establishment are not so great

**294**

or so obvious as to justify a ruling that a customer who is caused to fall by the slipping of such a carton is guilty of contributory negligence as a matter of law.

What we have said is not to be taken as a ruling that, upon a retrial, when all the evidence is in, the plaintiff will have made a case for the jury. We make no predictions in that regard and go no further than to say that, in our opinion, the defendant was not, at the close of the plaintiff's evidence, entitled to a directed verdict.

We pointed out in Barnett v. Terminal R. Ass'n of St. Louis, supra, at page 896 of 200 F.2d, that ordinarily it is inadvisable for a trial judge to direct a verdict at the close of the plaintiff's evidence. The temptation to do so in a case which the judge believes to be without substantial merit is often hard to resist, but the additional time required to put the case in such shape that it will not, in any event, have to be retried is usually time well spent.

The judgment appealed from is reversed, and the case is remanded for a new trial.