**Alma STOFER, Appellant,**

**v.**

**MONTGOMERY WARD & COMPANY, Inc., Appellee.**

**No. 15776.**

United States Court of Appeals
Eighth Circuit.

Nov. 14, 1957.

[redacted]

F. Philip Kirwan, Kansas City, Mo. (Richard W. Miller and Margolin & Kirwan, Kansas City, Mo., on the brief), for appellant.

Douglas Stripp, Kansas City, Mo. (Robert B. Olsen and Watson, Ess, Marshall & Enggas, Kansas City, Mo., on the brief), for appellee.

Before GARDNER, Chief Judge, and VOGEL and VAN OOSTERHOUT, Circuit Judges.

VOGEL, Circuit Judge.

On May 8, 1954, Alma Stofer, plaintiff and appellant herein, entered a store owned and operated by the defendant-appellee, Montgomery Ward & Company, at Kansas City, Missouri. While in the store as an invitee thereof she sustained accidental injuries which she claimed arose out of the negligence of Montgomery Ward. In her first trial she received a verdict at the hands of the jury in the amount of $5,000.00. The trial court en-

tered an order granting a new trial. At the second trial, and at the conclusion of the plaintiff's evidence, the court directed a verdict in behalf of the defendant. Diversity of citizenship and the requisite amount make for federal jurisdiction. The parties will be referred to as they were in the trial court.

Plaintiff contends on appeal here that the court erred in granting the new trial and also erred in granting a directed verdict in the second trial.

Plaintiff's claim arose out of her collision with a movable garment rack in an aisle of the defendant's store. On the day in question, at about 9:30 a. m., plaintiff, aged 65, accompanied by her infirm older sister and a friend, entered the defendant's store to shop. While shopping in the defendant's basement department plaintiff was attracted by a dress hanging at the west side of the main aisle. She started to cross over to that dress by way of an aisle which crossed the main center aisle at a point south of where the dress was hanging. Her attention was diverted from this purpose temporarily by another less attractive dress, also hanging at the west side of the main aisle at its intersection with the cross-aisle being used by the plaintiff. After crossing the main aisle from east to west and hesitating at the less attractive dress for a moment, plaintiff stepped off to her right to continue toward the dress that she had first seen. At that precise moment a collision occurred. Plaintiff's momentary diversion here, immediately prior to the collision, appears to coincide with the "brief matter of seconds" between the parking of the rack and plaintiff's collision with it, as was stated by defendant's manager under cross examination by the plaintiff. Fed. Rules Civ.Proc. Rule 43(b), 28 U.S.C.A. Plaintiff did not see the object with which she collided until "the very moment" that the collision occurred when she turned and stepped off to her right. She testified that it had not been there when she first looked down the aisle and saw the first dress. She didn't know how it got there. The impact first occurred on her right ankle and shin. Plaintiff fell to the floor, was injured and lost consciousness. Upon regaining consciousness plaintiff looked up and saw the garment rack with which she had collided. This rack was described as being over 70 inches tall with a horizontal metal platform base approximately 2 x 6 feet painted dark brown overall and supported at a height of 10 inches by rubber wheels. The uppermost part of this conveyance was a horizontal longitudinal metal pipe crossbar or rack supported at either end by inverted U-shaped metal pipe supports attached at corresponding corners of the platform base. It was empty at the time of the collision.

Plaintiff was hospitalized for 11 days. For approximately three months thereafter she returned regularly for further medical treatment. Some of her medical expenses were paid by Montgomery Ward. Plaintiff, a bookkeeper for a Kansas City firm, was prevented from working for the first four months following her injury.

In plaintiff's original complaint she alleged, *inter alia,* that:

"* * * a merchandise rack or cart, * * * was, as the direct and proximate result of the negligence and carelessness of the defendant, caused, allowed and permitted to strike plaintiff with great force, throwing her down and causing her to sustain serious injuries, * * *."

At the first trial plaintiff failed to establish that she had been struck by a moving garment rack. On the contrary, the evidence of the defendant tended to prove that she had bumped into a garment rack that was standing stationary in the aisle. The court overruled defendant's motion for a directed verdict and submitted the case to the jury, which returned a verdict for plaintiff for $5,000.00. Thereupon, defendant moved for judgment in its favor in accordance with its motion for a directed verdict. The trial court denied defendant's motion for judgment but granted its alternative motion for a new trial on the ground that it had erred to the prejudice of the

defendant in submitting the case to the jury, over the defendant's objections, on a theory of specific negligence, not pleaded or justified by plaintiff's complaint. In so doing, the court stated that upon retrial "* * * it may be that plaintiff can make a submissible case *by alleging in her complaint* that the defendant negligently allowed this portable rack to remain in this main aisle, without warning thereof to plaintiff, who walked into it and was thereby caused to be thrown and injured, although the question of negligence—and particularly of contributory negligence 'in any degree'—(questions with which I am here not properly concerned), would be indeed close." (Emphasis supplied.) Accordingly, in passing upon the motion for a new trial the trial judge did not pass upon the question of defendant's negligence nor of the plaintiff's contributory negligence, but determined that the defendant had been prejudiced by the submission of the case to the jury, over the defendant's protest, on a theory contrary to the allegations of plaintiff's complaint.

■■■ A motion for a new trial is always directed to the sound discretion of the trial court. It is only for a clear abuse of that discretion that an appellate court will reverse. In determining that the defendant had been prejudiced by the submission of the case to the jury on a theory of specific negligence not justified by the complaint and without the complaint having been amended and without the defendant having an opportunity of preparing to meet the new theory for recovery, the trial court was exercising its discretion and we feel that the circumstances do not justify us in concluding here that that discretion was abused.

After the court's order granting a new trial and a motion to reconsider such order had been overruled, plaintiff amended her complaint, alleging in part:

"* * * plaintiff and a merchandise rack or cart, * * * were, as the direct and proximate result of the negligence and carelessness of the defendant, caused, allowed and permitted to collide with great force, throwing plaintiff down and causing her to sustain serious injuries, * * *."

At the conclusion of the plaintiff's case in the second trial defendant moved for a directed verdict.[1] In granting the motion the court stated to the jury:

"* * * the defendant has taken the position, accepting as true everything that the plaintiff has presented in the way of evidence, that notwithstanding that testimony the plaintiff has failed to make a case which can be submitted to the jury. In other words, that plaintiff, as a matter of law, has not proved, or has not presented facts sufficient to furnish a basis for a judgment against the defendant. And it is the view of the Court that that position is correct, that the plaintiff, having the burden of proof, has failed, under the evidence most favorable to her, to prove that the defendant was guilty of any negligence, and has failed to prove that the acts shown to have been done by the defendant were the proximate cause of the accident sustained and the injuries sustained by Miss Stofer."

The trial court made it clear that it was not ruling on the question of possible contributory negligence on the part of the plaintiff. The only question presented here is whether as a matter of law plaintiff produced any evidence justifying the conclusion that defendant was guilty of negligence which was a proximate cause of the accident and plaintiff's injuries. Were the facts such that the minds of reasonable men could not disagree thereon? We have at least one indication that in the first trial on similar evidence 12 jurors believed the defendant to have been guilty of negligence which was a

1. The statement of facts set forth herein is based on plaintiffs' evidence at the second trial.

proximate cause of the accident and the injuries of the plaintiff. But a consideration of the question requires an examination of the law of Missouri.

We must determine whether, under Missouri law, such evidence as was introduced at the second trial, viewed in a light most favorable to the plaintiff, affords a reasonable basis for a jury's conclusion that the defendant owed the plaintiff a duty which was breached, and which breach proximately caused plaintiff's injuries. If there is a reasonable evidentiary basis for such finding of negligence as to defendant, we must reverse and remand the case for a new trial. Clay County Cotton Co. v. Home Life Ins. Co., 8 Cir., 1940, 113 F.2d 856. If, however, the only reasonable conclusion that can be made is that defendant was not negligent as to the plaintiff, then we must affirm. Egan Chevrolet Co. v. Bruner, 8 Cir., 1939, 102 F.2d 373, 122 A.L.R. 987.

The most recent statement of the Supreme Court of Missouri relative to the duties of a storekeeper to his business invitees is found in the case of Dixon v. General Grocery Co., Mo., 1956, 293 S.W.2d 415, 419:

> "We stated in Giles v. Moundridge Milling Co., 351 Mo. 568, 173 S.W.2d 745, 748 [4], that the inviter 'is not an insurer of his business invitee's safety (Main v. Lehman, 294 Mo. 579, 243 S.W. 91 [93 [2]]), and neither does he breach his duty to such an invitee when the condition complained of is open and obvious or as apparent to the invitee as it is to the owner or proprietor, because the basis of liability in such cases is the owner's superior knowledge. Murray v. Ralph D'Oench Co., [347 Mo. 365, 147 S.W.2d 623, 626 [1]]; Stoll v. First National Bank, 345 Mo. 582, 134 S.W.2d 97 [100 [3]]; Paubel v. Hitz, supra [339 Mo. 274, 96 S.W.2d 369]. When the condition relied on is obvious or actually known to the invitee there is no duty on the owner to warn him. Ilgen-

fritz v. Missouri Power & Light Co., 340 Mo. 648, 101 S.W.2d 723 [728].' \* \* \* These decisions mean that an inviter is under no duty to protect an invitee who is in an equal position to protect himself. Where the danger is obvious or known to the invitee he consents to the risk and the inviter owes no duty."

The condition relied upon by the plaintiff here is the defendant's partial obstruction of its main aisle with its mobile garment carrier. The carrier had been placed there by an employee of defendant only "a brief matter of seconds" before plaintiff collided with it. It also appears from such evidence that the garment carrier was of open construction, dark brown in color and was completely unloaded at the time it was parked with its greatest length in a north-south direction and along the west side of the defendant's main aisle. Plaintiff testified that she did not see the parked garment carrier until the very moment she collided with it. She also testified that after being attracted to a dress on the west edge of the defendant's main aisle to the north of the east-west aisle in which she was standing she crossed the main aisle directly from east to west, looking at a second dress. She remained there "only a moment or a second" and in turning to the right (north) to go to the dress that she had first seen she collided with something.

In Sears, Roebuck & Co. v. Scroggins, 8 Cir., 1944, 140 F.2d 718, 723, Judge Woodrough, speaking for this court, and in applying the law of Missouri, stated with reference to a plaintiff who had suffered injuries as the result of a fall over boxes which had been placed in the aisle of the defendant's store:

> "He had a right to expect that the defendant would use reasonable care in making the premises safe for his use; hence, in turning to walk down an aisle prepared by defendant for his use, he had a right to expect an unobstructed aisle. Armstrong v. Kroger Grocery & Baking Co., Mo.

App., 78 S.W.2d 564, 571; Phillips v. Montgomery Ward & Co., 5 Cir., 125 F.2d 248, 249; Hecht Co. v. Harrison, [78 U.S.App.D.C. 93,] 137 F.2d 687; Phelps v. Montgomery Ward & Co., 231 Mo.App. 595, 107 S.W.2d 939; Achter v. Sears, Roebuck & Co., 232 Mo.App. 915, 105 S.W.2d 959; cf. Champlin Refining Co. v. Walker, 8 Cir., 113 F.2d 844. Plaintiff might have seen the boxes had he looked in back of him and to the floor, but it does not follow that in executing a movement that is a normal part of, and an incident to, turning, he failed to exercise the requisite care for his own safety by not doing so. One need not look for danger when there is no reason to apprehend any. Willig v. Chicago, B. & Q. R. Co., 345 Mo. 705, 137 S.W.2d 430; Long v. F. W. Woolworth Co., Mo.Sup., 159 S.W.2d 619; Essenpreis v. Elliott's Department Store Co., Mo.App., 37 S.W.2d 458, certiorari quashed State ex rel. Elliott's Department Store Co. v. Haid, 330 Mo. 959, 51 S.W.2d 1015; Phillips Pet. Co. v. Miller, 8 Cir., 84 F.2d 148; Standard Oil Co. v. Burleson, 5 Cir., 117 F.2d 412."

Blackwell v. J. J. Newberry Co., Mo.App. 1941, 156 S.W.2d 14, 16, 17, was an action against a store owner by a customer who was injured by falling over a small ladder left in the store aisle. In sustaining a jury verdict in favor of the plaintiff, the St. Louis (Mo.) Court of Appeals stated:

"Appellant says that no case for the jury was made because defendant was justified in believing that persons using said aisle and exercising care for their own safety would discover the ladder maintained therein. To sustain this contention, we would be required to hold that the facts and circumstances shown in evidence are not sufficient to justify a jury in finding that defendant was negligent, but that defendant's conduct under the circumstances shown in evidence conformed to a standard

sufficiently high to constitute due care as a matter of law, and that the jury, in finding defendant negligent on the evidence presented, established for defendant too severe a standard of behavior, a standard that no jury of reasonable men could agree upon as properly applicable to the defendant under the facts; and, further, that reasonable minds could reach but one conclusion, namely, that defendant was free from negligence. We are unable to so hold.

"The presence of the ladder in the aisle of defendant's store constituted a hazard to persons transacting business in the aisle if its presence was unknown, and defendant was negligent in leaving it there if he realized or should have realized that his act involved a risk of causing injury to invitees. In other words, he was negligent if, acting as a reasonably prudent person, he did not, although he should have anticipated that a customer might be injured by the ladder. In determining whether he should have anticipated that a customer might be injured, he is presumed to know the qualities, capacities, and tendencies of the average man or woman, in so far as they are generally recognized, that is, their known and knowable peculiarities, and he is further presumed to realize the chance of their actions being influenced thereby. He should know that a woman customer searching a counter for electric fuses would not be likely to observe a ladder three feet high, partly concealed by the overhang of a counter, in an aisle, which aisle under the law she had a right to expect to be free from obstructions, and relying on that expectation she would not be on the alert to discover the ladder. We believe that there are reasonable men who might conclude that an ordinarily prudent person conducting a mercantile establishment would realize those facts and with due regard to the safety of his customers

would not leave such a ladder in the aisle situated as it was in this case. Again, it is possible that equally reasonable men might conclude that because of the size of the ladder and condition of the light, its presence should have been observed by the customers, and for that reason no negligence was shown. Such being the case, the issue would be for the jury."

Accord, Rosebrough v. Montgomery Ward & Co., Mo.App., 1948, 215 S.W.2d 295.

 This court is of the opinion that plaintiff's presently unrebutted evidence, viewed in the light of Missouri law, does afford a reasonable basis for a finding that the defendant owed a duty to the plaintiff, its business invitee, to warn her of the presence of its garment carrier so obstructing its aisle as to create a condition of probable danger to her. We believe that defendant's garment carrier, as described and situated by the evidence, could not, upon defendant's motion for directed verdict, be said as a matter of law to have been so readily visible to an ordinarily prudent shopper as to charge the plaintiff with knowledge of its presence. The evidence viewed most favorably for the plaintiff also shows that she had no actual knowledge of the presence of the garment carrier athwart her intended path until the very moment of collision, that it was not in the aisle when she looked just a matter of seconds before the accident. As we said in Lanier v. Great Atlantic & Pacific Tea Corp., 8 Cir., 1953, 205 F.2d 292, 293, in reversing the trial court for directing a jury verdict in favor of the defendant and against a plaintiff who was injured when she slipped on some loose cartons in front of the defendant's news stand:

"The plaintiff's evidence did not make a strong or very satisfactory case on the issue of liability, but upon this appeal she is entitled to the benefit of every inference which reasonably can be drawn from the evidence viewed in the light most favorable to her. Barnett v. Terminal R. Ass'n of St. Louis, 8 Cir., [1953] 200 F.2d 893, 896; Coca Cola Bottling Company of Black Hills v. Hubbard, 8 Cir., [1953] 203 F.2d 859, 860."

And at page 294:

"What we have said is not to be taken as a ruling that, upon a retrial, when all the evidence is in, the plaintiff will have made a case for the jury. We make no predictions in that regard and go no further than to say that, in our opinion, the defendant was not, at the close of the plaintiff's evidence, entitled to a directed verdict.

"We pointed out in Barnett v. Terminal R. Ass'n of St. Louis, supra, at page 896 of 200 F.2d, that ordinarily it is inadvisable for a trial judge to direct a verdict at the close of the plaintiff's evidence. The temptation to do so in a case which the judge believes to be without substantial merit is often hard to resist, but the additional time required to put the case in such shape that it will not, in any event, have to be retried is usually time well spent."

 Holding, as we do, that plaintiff made a submissible case for a jury, it was error to grant defendant's motion for a directed verdict. In so concluding, however, we make no prognostication as to plaintiff's ultimate right of recovery.

Reversed and remanded for new trial.