**DUN & BRADSTREET, INC., Appellant,**

v.

**G. C. NICKLAUS, Trustee in Bankruptcy for Fordyce Wood Products, Inc., Appellee.**

**No. 17421.**

United States Court of Appeals
Eighth Circuit.

Feb. 3, 1965.

Robert V. Light, Little Rock, Ark., made argument for appellant and filed brief.

Henry W. Gregory, Jr., Pine Bluff, Ark., made argument for appellee and filed brief with H. Murray Claycomb, Pine Bluff, Ark.

Before VOGEL and MATTHES, Circuit Judges, and HARPER, District Judge.

HARPER, District Judge:

This is an appeal in a libel action where trial to a jury resulted in a verdict against defendant (appellant) for $40,000.00 actual damages and $10,000.00 punitive damages.

Appellant (also referred to as Dun & Bradstreet or defendant) is a mercantile agency which gathers, evaluates and disseminates to its subscribers confidential credit information. Fordyce Wood Products, Inc. (also referred to as Fordyce or plaintiff) was engaged in the business of manufacturing various wood products in Fordyce, Arkansas, and from 1955 until the time of trial of this cause in December, 1962, was under the management of John H. Stucker, an experienced woodworking manufacturer. In early 1963, plaintiff was adjudged a bankrupt; thereafter, the trustee was substituted as appellee.

A Notice of Tax Lien (26 U.S.C.A. § 6321) was filed on November 28, 1960, on behalf of the United States against plaintiff in the office of the Circuit Clerk and Recorder of Dallas County, Arkansas, for delinquent taxes withheld by plaintiff from wages paid to its employees for the second quarter of 1960, and penalty for late payment for the first quarter.

On November 29, 1960, Mrs. Morgan, a "record item correspondent" for Dun & Bradstreet in Dallas County, examined the lien records and completed a printed form to report the filing of the lien. While Mrs. Morgan was in the Circuit Clerk's office on November 29th she overheard a deputy clerk say that Mr. Bradley, who had filed the Notice of Tax Lien, had remarked that he was going to the bank and file it. Mrs. Morgan sent her report to the Dun & Bradstreet office in Little Rock, where the following report was prepared and sent to fifty-one Dun & Bradstreet subscribers who had previously requested information regarding Fordyce:

"FOLLOWING INFORMATION TAKEN FROM LIEN RECORDS—

"Suit styled U.S.A. vs. Fordyce Wood Products, Inc., filed Nov. 28, 1960, cause of action, withhold tax for 1st and 2nd quarter of 1960. Lien filed; also, lien filed on bank account of subject by U.S.A. 12–6–60."

Initial distribution of this report was on December 6, 1960.

On March 6, 1961, plaintiff became aware that this report had been published. This resulted in the publication of the following report on March 6, 1961, which was distributed to forty-eight of the fifty-one subscribers who had received the first report, as follows:

"Further investigation reveals tax lien filed by U.S.A. vs. Fordyce Wood Products, Inc., on Nov. 28, 1960, was satisfied and released of record, Dec. 1, 1960. It is further understood that lien on bank account has also been satisfied."

The lien was satisfied of record on December 1, 1960. On December 5, 1961,

Fordyce filed this suit against Dun & Bradstreet alleging that these two reports were false and defamatory, had been published by defendant with malice, and had caused plaintiff to sustain actual damages. Punitive damages were also sought. Trial to a jury resulted in a verdict against defendant for $40,000.00 actual damages and $10,000.00 punitive damages. Defendant contends that the verdict should be reversed and dismissed, or in the alternative, reversed and remanded for new trial.

The appellant complains that the court committed error in instructing the jury that the reports were false as a matter of law. Instructions must be considered as a whole. The court instructed the jury in part as follows:

"* * * Before the plaintiff can recover anything in this action it must prove by a preponderance of the evidence: First, that one or both of the reports or statements * * * referred to in the evidence was or were false. Second, that such statement or statements was or were defamatory. And, third, that such statement or statements was or were a proximate cause of damage to the plaintiff. Unless you so find all of those three things, your verdict must be for the defendant. * * *

"Taking up first the element of falsity, although the defendant contends that the statements or reports in question were substantially true, the court now tells you as a matter of law that the statements were in fact false, and that you may consider that the first element of plaintiff's claim has been established as a matter of law."

▮ The defendant contends that the giving of the preceding paragraph was error. The defendant properly objected to this part of the instruction at the time of the trial. In order to properly determine whether such was error, it is necessary that the entire charge be examined, and it is pertinent that we set out a part of the charge which immediately follow-

ed that part of which the appellant complains:

"I think that I should tell you in this connection that the falsity of the report of December 6 lay in the fact that it advised its recipients that a suit had been filed by the United States against plaintiff, that a federal tax lien had been filed against plaintiff, and, further, that an additional lien had been filed against plaintiff's bank account. Now, while it is true that on November 28, 1960, the Government filed a notice of an internal revenue tax lien against plaintiff with the Circuit Clerk of Dallas County, Arkansas, there was never any suit filed against the plaintiff by the Government, and there was never any specific lien filed against the bank account, although, of course, the general notice of lien affected the bank account as well as plaintiff's other assets.

"The second statement was false in that it referred again to a specific lien against the bank account whereas there was never any such specific lien.

"Of course, the mere fact that the statements were false is not alone sufficient to justify you in returning a verdict for the plaintiff. As I have stated, you must further find that the statements, or at least one of them, was or were defamatory, and that the falsity and the defamatory nature, if any, of the statement or statements was a proximate cause of damage to the plaintiff; and the burden is on the plaintiff to establish the defamatory nature of the statements and damage resulting therefrom by a preponderance of the evidence."

While the trial court instructed the jury that the reports were false as a matter of law, the instruction in the next two paragraphs clearly points out to the jury why the reports were false, and further points out that that part of the reports regarding the filing of an inter-

nal revenue tax lien against plaintiff with the Circuit Clerk of Dallas County, Arkansas, was true.

The jury was immediately thereafter told that the mere fact the statements were false was not alone sufficient to justify their returning a verdict for the plaintiff, but the plaintiff had to further prove by the preponderance of the evidence that the statements, or at least one of them, were defamatory and that the falsity and the defamatory nature of the statement or statements was the proximate cause of damage to the plaintiff to recover.

The court did not need to present the question of falsity of the reports to the jury since there were no fact questions for the jury to consider. The court properly instructed the jury that the false parts of the reports were that there never was any suit filed against plaintiff by the government and there never was any specific or separate lien filed against the bank account. There was no question or issue as to whether these two parts of the reports were false as the parties stipulated to the following: "No complaint was filed in any court, nor was there any lien filed separately or specifically against the plaintiff's bank account." Since there was no genuine issue of fact on the truth or falsity of the reports, the court's instructions with respect to the reports were proper.

■ Appellant's main argument is addressed to the point that the "gist or sting" of the reports lay in the true part and the readers of such reports reacted differently; therefore, the court committed error in giving its instruction that the reports were false as a matter of law. Such a contention, however, fails to consider the fact that such considerations actually relate to the matter of whether the reports were defamatory, or if defamatory, were the proximate cause of plaintiff's damages. These considerations were specifically left to the jury for their consideration by the court's instructions. When the paragraph of the charge of which the appellant complains is read as a part of the whole charge, and we further consider the stipulation of the parties with respect to the reports, the instruction as given correctly stated the applicable law.

Appellant, at the close of plaintiff's case and again at the conclusion of all the evidence, moved for a directed verdict. Subsequent to the jury verdict, appellant moved for judgment n. o. v. (Rule 50 (b)). The asserted ground was the insufficiency of the evidence in four particulars: One, fact of legal damage; two, amount of legal damages; three, existence of malice; and four, occurrence of an excessive publication. Appellant contends that the trial court committed error in overruling its motions because the sufficiency of the evidence to support the verdict on the disputed issues of fact must be measured by the federal standard and not by the contended lesser requirements set forth in Dun & Bradstreet, Inc. v. Robinson, 233 Ark. 168, 345 S.W.2d 34 (hereinafter referred to as the Robinson case).

■ When the sufficiency of the evidence is questioned, the Arkansas and Federal courts will view the evidence in the light most favorable to the plaintiff. Superior Forwarding Co. v. Garner, 236 Ark. 340, 366 S.W.2d 290; Aetna Life Ins. Co. v. McAdoo, 8 Cir., 115 F.2d 369; Stofer v. Montgomery Ward, 8 Cir., 249 F.2d 285.

■ The federal standard for testing the sufficiency of the evidence requires that there be "substantial evidence" to support the verdict. Hanson v. Ford Motor Co., 8 Cir., 278 F.2d 586, 590.

Appellant contends that the Arkansas and federal standards for measuring the sufficiency of the evidence are in conflict and that this court is bound to apply the federal standard. Appellant concedes that prior to the Robinson case, the Arkansas and federal standards were the same and that "substantial evidence" was required in either instance to support a jury verdict. Appellant contends, however, that the Arkansas Supreme Court deviated from its former standard of requiring "substantial evidence" in the Robinson case, and that the District

Court, in following the Robinson decision, judged the sufficiency of the evidence by some lesser standard.

We are of the opinion that the District Court followed the "substantial evidence" standard, and, further, that the opinion of the Arkansas Supreme Court did not depart from the rule of requiring "substantial evidence in the Robinson case, supra, and has not since changed the rule. Superior Forwarding Co. v. Garner, supra.

Appellant contends that the evidence is not competent to prove the fact of legal damages, the amount of damages, nor does the evidence show that the cause of plaintiff's injuries lay in the false reports.

Appellant argues that the testimony showing the financial posture of plaintiff is not competent to prove damages caused by the false reports. Appellant's contentions, however, must be rejected in light of the Robinson case, supra. From the evidence, the jury could reasonably conclude that the plaintiff lost customers who were subscribers of defendant's reports and that two others, namely Shinault and Lumberman's, had to go elsewhere for their needs on account of the effect of the reports on suppliers of raw materials (loss of credit).

Appellant further contends that measured by the standards set forth in Robinson, supra, the facts in the case at bar do not constitute a basis upon which a jury could find malice. The applicable standard, as stated in the Robinson case, is that plaintiff need not show malice on the part of the defendant in the moral sense (hate, vindictiveness, animosity), but need only show the doing of an act without just cause or excuse, which is in reckless disregard as to its results upon the rights of others. We think that there was sufficient evidence of "conscious indifference" for the district court to properly submit this issue and the matter of punitive damages to the jury. The most significant evidence reveals that there was no review by anyone having authority in appellant's organization. The report of Mrs. Morgan just came into the Little Rock office, went to the typist, and then went out automatically about a week later to the subscribers.

Appellant further contends that the submission of the issue of excessive publication to the jury was error. Plaintiff contends that the submission was not error, but if it was, then it was not prejudicial. Appellant concedes that it is not entitled to reversal and dismissal if the evidence is sufficient to support a finding of either malice or excessive publication. A jury finding in favor of plaintiff on either of those issues would, therefore, destroy the protection of appellant's conditional privilege.

The jury returned a general verdict. Therefore, there is no way to tell whether the jury found excessive publication or not. Certainly the jury did find malice (awarded punitive damages) and, as discussed earlier, there was substantial evidence of malice. Due to these facts we are of the opinion that the matter of whether or not there was sufficient evidence of excessive publication is immaterial, moot, and certainly not prejudicial.

We are of the opinion that there was no error committed in submitting the issues of future damages to the jury and that the verdict is not excessive. Robinson, supra.

The appellant further contends the excluded answer of the witness to Cross-Interrogatory No. 8 (a hypothetical question) prevented proof that Bagnal's company would have denied credit to plaintiff had Bagnal only been furnished by the appellant the true part of the first report. Interrogatory No. 8 is not so limited. While it is true that it limits the information furnished by the appellant to the true part of the report, it does not exclude the false information in the report from Bagnal before making a decision, but merely provides it be obtained elsewhere. We quote the applicable part of the question:

"* * * and you had before you the same credit information from

sources other than Dun & Bradstreet that was before you when considering the orders * * *?"

The trial court properly excluded such a question and answer thereto. The answer to this question does not prove what the appellant contends. Further, the District Court has broad discretion in determining the extent of cross-examination, and there was no abuse of discretion in this case. Ackelson v. Brown, 8 Cir., 264 F.2d 543.

Affirmed.