Calvin COLLINS, a Minor, by Loyce Collins, His Father and Next Friend, Plaintiffs,

v.

SOUTHERN CENTRAL COMPANY and James B. Williams, Defendants.

Civ. A. No. 1087.

United States District Court
W. D. Arkansas,
Hot Springs Division.

Nov. 20, 1967.

Joe McCoy, James C. Cole, Malvern, Ark., for plaintiffs.

House, Holmes & Jewell, Little Rock, Ark., for defendants.

## MEMORANDUM

JOHN E. MILLER, Senior District Judge.

This case was tried to a jury on October 30–31, 1967, and resulted in an award to plaintiff in the sum of $15,000. The defendants have filed a motion for judgment notwithstanding the verdict and, alternatively, for a new trial, and have submitted a brief in support of the motion.

The motion and brief in support thereof were served upon the attorneys for the plaintiff on November 7, 1967. They have not had time in which to file a response to the motion or to submit brief in opposition thereto, but the court is of the opinion that no useful purpose would be served by so doing, and there appears no reason why the court should not consider and determine the motion at this time.

On January 28, 1967, the plaintiff was riding an ungelded horse in a northerly direction on the shoulder of U. S. Highway 67. The plaintiff was moving the horse to another pasture about a mile and a half north of plaintiff's home, and had traveled about one-half of the distance prior to the collision. At the same time the defendant James B. Williams, an employee of the defendant Southern Central Company, and acting within the scope of his employment, was driving a White Freight Liner belonging to the defendant Southern Central Company in the same direction. The driver of the tractor-trailer crested a hill approximately 1,400 feet from the place of the collision with the horse. The driver observed the plaintiff riding the horse in a short gallop on the right shoulder of the highway. The tractor-trailer was

traveling faster than the horse and soon overtook the horse and rider. The plaintiff was riding bareback and the horse was being controlled by a hackamore. There was one truck following the defendant's truck, but the testimony did not disclose how far behind it was, but the operator of that truck was a witness and gave his version of how the collision occurred. It is undisputed that as the defendant's truck approached the horse, the horse "veered" from the shoulder into the right lane that was being traversed by defendant's truck, and the right-front part of the truck collided with the rear of the horse. The force of the collision was sufficient to throw the horse a distance of approximately 128 feet along the highway. The rider, the plaintiff, was thrown from the horse and received severe injuries.

The plaintiff alleged that the truck driver was negligent in (a) failing to keep a proper lookout; (2) operating said truck at an excessive rate of speed under the existing circumstances; (c) operating a large heavy motor vehicle upon the public highway without proper and adequate brakes; (d) in sounding a loud air horn in the immediate rear of the plaintiff's horse when he knew, or by the exercise of ordinary care should have have known, that to do so would frighten said horse and cause it to shy; (e) failing to check the speed of his vehicle or exercise ordinary care to take any other precaution which an ordinarily prudent person would have taken in approaching a horse and rider from the rear; (f) failing to adequately control the truck, to check the speed or stop it absolutely, after he knew that his actions had frightened the plaintiff's horse to such an extent as to create a control problem, and particularly after he knew, or by the exercise of ordinary care should have known, that he had placed the plaintiff in a dangerous and precarious position.

The defendants in their answer denied all allegations of negligence on their part, and pleaded Ark.Stat.Ann. §§ 27–1730.1 and 27–1730.2 (1962 Repl.), the comparative negligence statute.

The gross weight of the truck and its cargo was approximately 73,200 pounds. The weight of the cargo, dried fruit, was approximately 40,000 pounds.

At the conclusion of the evidence offered by plaintiff, the defendants moved for a directed verdict, which motion was denied, and at the close of all the evidence the defendants renewed their motion for a directed verdict, which motion was denied, and the case was submitted to the jury upon instructions not complained of in the motion.

In the motion now before the court, the defendants "move the court for a judgment notwithstanding the verdict dismissing the complaint, pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, for the reason that there is no substantial evidence to support the verdict rendered by the jury against said defendants in that the evidence failed to establish any liability on the part of said defendants for the injuries sustained by plaintiffs; and said defendants, in the alternative, move the court to set aside the verdict for the plaintiff in the above styled cause and for a new trial, pursuant to Rule 59(a) of the Federal Rules of Civil Procedure, for the following reasons:

"1. The damages awarded appear to have been assessed under the influence of passion or prejudice in that no liability on the part of defendants was established by the evidence.

2. The verdict was against the law.

3. The verdict was against the clear weight of the evidence, and there was no substantial evidence to support the verdict.

4. The verdict was against both the law and the evidence.

5. The evidence was insufficient to go to the jury."

In New York Life Insurance Company v. Dick, (8 Cir.1958) 252 F.2d 43, at page 44, the court said:

"In determining whether the company was entitled to a directed verdict,

we must give to the plaintiff the benefit of all reasonable inferences which can be drawn from the evidence, viewed in the aspect most favorable to her. She is not, however, entitled to the benefit of inferences which are unreasonable (Russell v. Turner, 8 Cir., 148 F. 2d 562, 565), or which are opposed to the undisputed physical facts. Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 440 and cases cited."

In Wray M. Scott Co. v. Daigle, (8 Cir.1962) 309 F.2d 105, at page 108, the court said:

"The federal standard to be applied in determining the sufficiency of the evidence to support the verdict in a diversity case, as stated in Coca-Cola Bottling Co. of Black Hills v. Hubbard, 8 Cir., 203 F.2d 859, includes the following rules: (1) All facts which plaintiff's evidence reasonably tends to prove must be assumed to have been established, and all inferences fairly deducible from such facts must be drawn in his favor; (2) the verdict should be directed only where all the evidence is on one side or so overwhelmingly on one side as to leave no doubt what the fact is; (3) the question of negligence is usually one of fact for the jury, and it is only where the evidence, even though it be uncontradicted, is such that all reasonable men must draw the same conclusion from it that the question of negligence becomes one of law for the court; (4) where inconsistent inferences reasonably may be drawn from the evidence, it is for the jury to determine which of the inferences shall be drawn; (5) when the sufficiency of the evidence to make a case for the jury presents a doubtful question of local law, the court of appeals will accept the views of the trial court unless convinced of error; (6) the burden of demonstrating error is upon the appellant. See also Greene v. Werven, 8 Cir., 275 F.2d 134."

In Dun & Bradstreet, Inc., v. Nicklaus, (8 Cir.1965) 340 F.2d 882, at page 885, the court said:

"When the sufficiency of the evidence is questioned, the Arkansas and Federal courts will view the evidence in the light most favorable to the plaintiff. Superior Forwarding Co. v. Garner, 236 Ark. 340, 366 S.W.2d 290; Aetna Life Ins. Co. v. McAdoo, 8 Cir., 115 F.2d 369; Stofer v. Montgomery Ward, 8 Cir., 249 F.2d 285.

"The federal standard for testing the sufficiency of the evidence requires that there be 'substantial evidence' to support the verdict. Hanson v. Ford Motor Co., 8 Cir., 278 F.2d 586, 590."

In Hawkins v. Missouri Pac. Rd. Co., Thompson, Trustee, (1950) 217 Ark. 42, at page 47, 228 S.W.2d 642, at page 644, the court said:

"A directed verdict for the defendant is proper only when there is no substantial evidence from which the jurors as reasonable men could possibly find the issues for the plaintiff. In such circumstances the trial judge must give to the plaintiff's evidence its highest probative value, taking into account all reasonable inferences that may sensibly be deduced from it, and may grant the motion only if the evidence viewed in that light would be so insubstantial as to require him to set aside a verdict for the plaintiff should such a verdict be returned by the jury. St. Louis S. W. Ry. Co. v. Britton, 107 Ark. 158, 154 S.W. 215; Mo. Pac. R. Co. v. McKamey, 205 Ark. 907, 171 S.W.2d 932; Ozan Lbr. Co. v. Tidwell, 210 Ark. 942, 198 S.W.2d 182."

In Harper v. Missouri Pac. Rd. Co., (1958) 229 Ark. 348, 314 S.W.2d 696, at page 697 the court said:

"At the completion of all the evidence the Trial Court instructed the jury to return a verdict for the defendant; and the correctness of that ruling is the only issue on this appeal. Our rule for testing such a ruling is well established: giving the evidence of the plaintiff its strongest probative force, was a question made for the jury regarding the alleged negligence of the

defendant? Hawkins v. Mo. Pac. Rd. Co., 217 Ark. 42, 228 S.W.2d 642."

It is not necessary to quote extensively the evidence. Suffice it to say that there was substantial evidence which the jury believed to establish that the driver of the truck was driving at an excessive rate of speed under the conditions existing; that he saw the plaintiff and in time to have reduced the speed to such an extent as to avoid the collision with the horse, resulting in the death of the horse and the personal injuries to the plaintiff. The failure of the driver of the truck to use every reasonable precaution was negligence which was a proximate cause of the collision with the horse. See, Ark. Stat.Ann., § 75–661 (1957 Repl.). Evidence of the distance which the horse was thrown by the collision and the mutilation of the horse is almost conclusive of the speed that the truck was moving. From the place where the plaintiff was first observed, there is a gradual descent in the highway, and taking into consideration all of the facts shown by the evidence, together with the weight of the truck and its cargo, the jury was justified in finding that the operator of the truck was guilty of negligence which was a proximate cause of the damages.

The jury was also instructed that it was its duty to compare the negligence, if any, of the rider of the horse and the driver of the truck, and that contributory negligence does not bar recovery of damages for any injury, property damage or death, where the negligence of the person injured or killed was of less degree than the negligence of any person, firm, or corporation causing such damage, and that where contributory negligence is shown on the part of the person injured, the amount of the recovery shall be diminished in proportion to the amount of such contributory negligence.

The amount of damages awarded to plaintiff cannot be considered excessive when all of the evidence is considered, and since there was substantial evidence to support the verdict, the motion for judgment n.o.v. should be denied

This leaves for consideration the alternative motion to set aside the verdict and grant a new trial.

In Montgomery Ward & Co. v. Duncan, (1940) 311 U.S. 243, 61 S.Ct. 189, 85 L. Ed. 147, in speaking of the combined motion for a judgment n.o.v. and alternatively for a new trial, the court at page 194 of 61 S.Ct., said:

"Each motion, as the rule recognizes, has its own office. The motion for judgment cannot be granted unless, as matter of law, the opponent of the movant failed to make a case and, therefore, a verdict in movant's favor should have been directed. The motion for a new trial may invoke the discretion of the court in so far as it is bottomed on the claim that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury."

In General American Life Ins. Co. v. Central National Bank of Cleveland, (6 Cir.1943) 136 F.2d 821, the court at page 823, in quoting from Felton v. Spiro, (6 Cir.) 78 F. 576, 582, said:

" 'It is apparent from the foregoing, that the view of the learned judge at the circuit, expressed in the opinion on the motion for new trial, that because the court cannot direct a verdict one way, it may not set aside a verdict the other way, as against the weight of the evidence, is erroneous. Indeed, as distinctly pointed out by Judge Lurton, the mental process in deciding a motion to direct a verdict is very different from that used in deciding a motion to set aside a verdict as against the weight of evidence. In the former there is no weighing of plaintiff's evidence with defendant's. It is only an examination into the sufficiency of plaintiff's evidence to support a burden, ignoring defendant's

evidence. In the latter, it is always a comparison of opposing proofs.' "

In McCracken v. Richmond, Fredericksburg & Potomac R. Co., (4 Cir.1957) 240 F.2d 484, at page 488, the court said:

"There is a difference in the function of the judge when he is ruling on a motion for directed verdict and when he passes on a motion for a new trial. In the former instance, it is his duty to accept the plaintiff's version as true for the purpose of the motion, notwithstanding the existence of strong testimony to the contrary; the judge is not concerned with the weight of the evidence. On a motion for new trial, however, he has wider, though not unlimited latitude and he may set the verdict aside where it is against the weight of the evidence, or to prevent injustice. The two situations should not be confused. It is the wiser and better course, and the one we think commanded by the rule, to submit the case to the jury where there is evidence to support the plaintiff's case, and leave until a later time, after the jury has performed its function, considerations regarding the weight of evidence."

See, also, Garrison v. United States, (4 Cir.1932) 62 F.2d 41.

After a thorough consideration of the alternative motion for new trial, the court does not believe that the verdict of the jury is against the weight of the evidence. The court is convinced that there were no errors committed in the trial of the case. The amount of the verdict is reasonable when the extent of the injuries received by the plaintiff are considered. Considering the evidence as a whole, the court does not think that the jury was mistaken or that the verdict is wrong, and, being of the opinion that the verdict is not contrary to the weight of the credible evidence, the motion for a new trial should be overruled.

The defendants cite and rely on Dun & Bradstreet, Inc., v. Nicklaus, in support of the motion for judgment notwithstanding the verdict, and cite and rely on Simpson v. Skelly Oil Co., (8 Cir. 1967) 371 F.2d 563, 570, in support of the motion for new trial. The court has read both cases and in fact quoted from Dun & Bradstreet, Inc., and is convinced that neither case supports the contentions of defendants.

An order in accordance with the above overruling both motions is being entered today.